IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

|  |  |  |
|---|---|---|
| SHERYL P. FREEMAN | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL ACTION FILE NO. 3:14-cv-00067-TCB-RGV |
| CITIBANK, NA; CITICORP CREDIT SERVICES, INC.; BALLARD SPAHR LLP; and DOES 1-50, | ) ) ) ) | |
| Defendants. | ) ) | |

### CITIBANK, N.A. AND CITICORP CREDIT SERVICES, INC.'S VERIFIED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT AND PETITION TO VACATE ARBITRATION AWARD AND CROSS-PETITION TO CONFIRM ARBITRATION AWARD

Defendants Citibank, N.A. ("Citibank") and Citicorp Credit Services, Inc. ("Citicorp") (collectively, "Citi") hereby answer the allegations in Plaintiff's Verified Complaint as follows:

### INTRODUCTION

1.     Paragraph 1 of the Complaint describes Plaintiff's claims and does not contain any allegations as to Citi, and therefore no response is required.  To the extent a response is required, Citi denies that Plaintiff has stated a claim for relief.  Additionally, the Court should confirm the Arbitration Award.

## JURISDICTION

2.      To the extent Paragraph 2 sets forth legal conclusions regarding jurisdiction, no response is required.  To the extent any response is required, Citi does not dispute that jurisdiction in this Court is proper.

3.      To the extent Paragraph 3 sets forth legal conclusions regarding jurisdiction, no response is required.  To the extent any response is required, Citi does not dispute that jurisdiction in this Court is proper.

## PARTIES AND PERSONAL JURISDICTION

4.      To the extent Paragraph 4 sets forth legal conclusions, no response is required.  To the extent any response is required, Citi lacks information or knowledge sufficient to form a belief as to the allegations of Paragraph 4 and therefore denies them.

5.      Citi denies the allegations of Paragraph 5.

6.      Citi denies the allegations of Paragraph 6.

7.      Citi admits that Citibank retained Ballard Spahr LLP to represent Citi in connection with its defense of Plaintiff's claims and prosecuting Citibank's counterclaims in the prior arbitration proceedings.  Citi lacks information or knowledge sufficient to form a belief as to the remaining allegations of Paragraph 7 and therefore denies them.

8.     Citi lacks information or knowledge sufficient to form a belief as to the allegations of Paragraph 8 and therefore denies them.

9.     To the extent Paragraph 9 sets forth legal conclusions, no response is required.  To the extent any response is required, Citi denies the allegations of Paragraph 9.

## FACTS

10.     Citi admits that in a letter dated October 4, 2012, Plaintiff initiated an arbitration proceeding with JAMS in connection with certain claims related to a credit card account issued by Citibank.  Citi denies that Plaintiff's claims had any merit.  The contract between Plaintiff and Citibank, hereinafter referred to as the "Card Agreement" and attached as Exhibit A to the Complaint, speaks for itself and no response is required.  Except as specifically admitted, the allegations of Paragraph 10 are denied.

11.     Citi admits the allegations of Paragraph 11.

12.     Citi admits the allegations of Paragraph 12.

13.     Citi admits that Ballard Spahr acted as Citi's counsel in the arbitration proceeding, and that Ballard Spahr filed an Answer and Counterclaim on Citi's behalf in the arbitration, seeking an arbitration award in the amount of $28,357.54.  Citi denies the remaining allegations of Paragraph 13.

14.     Citi admits the allegations of Paragraph 14.

15.     Citi admits that Plaintiff submitted a Notice of Appeal with JAMS in connection with the June 20, 2013 arbitration award.  The Notice of Appeal attached as Exhibit B and the Card Agreement speak for themselves.  To the extent Paragraph 15 misquotes the Card Agreement, Citi denies the allegations of Paragraph 15.

16.     The Notice of Appeal attached as Exhibit B to the Complaint speaks for itself and no response is required.  To the extent Paragraph 16 misquotes the Card Agreement, Citi denies the allegations of Paragraph 16.

17.     Citi admits that Plaintiff paid the arbitration fee required by JAMS.

18.     Citi admits the allegations of Paragraph 18.

19.     Citi admits the allegations of Paragraph 19.

20.     Citi admits the Citi's counsel, Ballard Spahr submitted the Answer and Counterclaim.  Citi further admits that the counterclaim sought an arbitration award in the amount owed on Plaintiff's credit card account, totaling $28,357.54.  The Answer and Counterclaim attached as Exhibit F to the Complaint speaks for itself and no response is required.  Citi denies the remaining allegations in Paragraph 20 of the Complaint.

21.     The Answer and Counterclaim attached as Exhibit F speaks for itself and no response is required.  To the extent Paragraph 21 misquotes the Answer and Counterclaim, Citi denies the allegations of Paragraph 21.

22.     Citi denies the allegations of Paragraph 22.  Citi further states that the Card Agreement goes on to state that "a party may recover any or all expenses from another party if the arbitrator applying applicable law, so determines."  *See* Exhibit A to the Compl.

23.     Citi denies the allegations of Paragraph 23.

24.     Citi denies the allegations of Paragraph24.

25.     Citi lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 25 and therefore denies the same.  Citi further states that Plaintiff raised numerous objections throughout the Arbitration proceedings, and without further information, it is unclear which objection is referred to in Paragraph 25.

26.     The Answer and Counterclaim attached as Exhibit F speaks for itself and no response is required.  To the extent Paragraph 26 misquotes the Answer and Counterclaim, Citi denies the allegations of Paragraph 26.

27.     The Answer and Counterclaim attached as Exhibit F speaks for itself and no response is required.  To the extent Paragraph 27 misquotes the Answer and Counterclaim, Citi denies the allegations of Paragraph 27.

28.     Citi denies the allegations of Paragraph 28.  Citi further states in addition to striking the Prior Award from the record, the Arbitration Panel (the "Panel"), which was comprised of three retired federal judges, expressly confirmed

that it had not read the prior Award and would not consider it as part of the second arbitration. *See* February 12, 2014 Order, a true and correct copy of which is attached hereto as Exhibit 1.

29.    Citi denies the allegations of Paragraph 29.

30.    Citi denies the allegations of Paragraph 30.

31.    Citi denies the allegations of Paragraph 28. Citi further states that the Arbitration Panel expressly confirmed that it had not read and would not consider the prior Award. *See* Exhibit 1.

32.    Citi admits that Plaintiff filed an objection. Citi further states that the Panel struck the prior Award from the record. *See* Exhibit 1.

33.    Citi admits the allegations of Paragraph 33. Citi further states that the letter dated September 12, 2013 and attached as Exhibit G of the Complaint speaks for itself and no response is required.

34.    Citi admits the allegations of Paragraph 34.

35.    Citi admits the allegations of Paragraph 35.

36.    Citi admits that the Panel addressed Plaintiff's objections. The Arbitration Panel's decisions were subsequently set forth in writing in an Order dated February 12, 2014. *See* Exhibit 1.

37.     Citi admits that the Panel agreed with the Plaintiff regarding the initial payment of fees owed to JAMS for administration of the arbitration proceeding. *See* Exhibit 1.

38.     Citi lacks information or knowledge sufficient to form a belief regarding the allegations of Paragraph 38, and therefore denies them.

39.     Citi admits that the Panel struck the prior Arbitration Award from the record.  Exhibit 1.

40.     Citi admits that the Hon. Judge Robertson stated during the teleconference that the Panel had not reviewed and were not familiar with the details of the prior Arbitration Award, and would not do so.  *See also* Exhibit 1.

41.     Citi lacks information or knowledge sufficient to form a belief as to the allegations of Paragraph 41 and therefore denies them.  Citi further states that the Panel specifically advised that it had not reviewed and was not familiar with the details of the prior Arbitration Award.  *See also* Exhibit 1.

42.     Citi admits that the parties discussed whether the Arbitration Panel reviewed certain documents in connection with the arbitration proceeding.  Citi lacks information or knowledge sufficient to form a belief as to the remaining allegations of Paragraph 42 and therefore denies them.

43.     Citi admits that the parties discussed whether the Arbitration Panel reviewed certain documents in connection with the arbitration proceeding.  Citi

further admits that the Hon. Judge Robertson stated during the teleconference that the Panel had not reviewed and were not familiar with the details of the prior Arbitration Award. *See also* Exhibit 1. Except as specifically admitted, Citi lacks information or knowledge sufficient to admit or deny the allegations of Paragraph 43, and therefore denies them.

44.     Citi admits that the parties discussed whether the Arbitration Panel reviewed certain documents in connection with the arbitration proceeding. However, Citi denies that the prior Arbitration Award was "within" Citi's Answer. As the Answer and Counterclaim demonstrate, the responses and allegations of the Answer and Counterclaim indicate only that there was a prior Award (a fact that the Panel already knew given that the matter before them was an appeal), and that the Award was attached as an exhibit to the Answer and Counterclaim. *See* Exhibit F to the Compl. Citi lacks information or knowledge sufficient to form a belief as to the remaining allegations of Paragraph 44 and therefore denies them.

45.     Citi admits that the Hon. Judge Robertson stated during the teleconference that the Panel had not reviewed and were not familiar with the details of the prior Arbitration Award. *See also* Exhibit 1.

46.     Citi denies the allegations of Paragraph 46.

47.     Citi denies the allegations of Paragraph 47. Citi further states that the Panel agreed to proceed as a new arbitration (rather than a *de novo* review of the

prior Award) as Plaintiff requested and struck the prior Award from the record. *See* Exhibit 1.

48.   Citi lacks information or knowledge sufficient to form a belief as to the allegations of Paragraph 48 and therefore denies them.

49.   Citi admits the allegations of Paragraph 49.

50.      Citi admits the allegations of Paragraph 50.

51.   Citi denies the allegations of Paragraph 51.

52.   Citi admits the allegations of Paragraph 52.

53.   Citi admits the allegations of Paragraph 53.

54.   Citi admits the allegations of Paragraph 54.  Citi further states that the Panel overruled Plaintiff's objection regarding the need for discovery in part to the extent that Plaintiff sought to retake discovery that had already been completed in the prior Arbitration proceeding.  *See also* Exhibit 1.  Discovery had been conducted and completed in that arbitration, Citi had produced documents to Plaintiff in that arbitration, and the parties proceeded with a full arbitration hearing using the evidence that had been exchanged in discovery.

55.   Citi admits that Plaintiff sought to re-take discovery.  The JAMS Consumer Rules speak for themselves and no response is required.  Citi further states that the Panel overruled Plaintiff's objection regarding the need for

discovery in part to the extent that Plaintiff sought to retake discovery that had already been completed in the prior Arbitration proceeding. *See also* Exhibit 1.

56.     Citi admits the allegations of Paragraph 56. Citi further states that all documents previously requested by Plaintiff in the initial arbitration had been produced during the previous proceedings.

57.     Citi states that the referenced Order speaks for itself and no response is required. *See* Exhibit 1.

58.     Citi admits the allegations of Paragraph 58.

59.     Citi denies the allegations of Paragraph 59. Citi further states that Citi timely served written responses and objections and produced additional account documents to Plaintiff via U.S. Mail on February 18, 2014 and re-sent via e-mail on February 21, 2014. *See* e-mail dated February 21, 2014 from S. Reise to S. Freeman, a true and correct copy of which is attached hereto as Exhibit 2.

60.     Citi denies the allegations of Paragraph 59. Citi further states that its counsel timely prepared responses and objections to Plaintiff's discovery and served those objections via U.S. Mail on both Plaintiff and the Panel, but inadvertently failed to e-mail these responses to Plaintiff and the Panel. *See* Citi's February 18, 2014 Responses and Objections to Plaintiff's Discovery Requests, a true and correct copy of which is attached hereto as Exhibit 3. Plaintiff received Citi's Responses and Objections and submitted her objection to the Panel on or

about February 20, 2014.  *See* e-mail from Plaintiff to S. Reise and Panel dated

February 21, 2014, a true and correct copy of which is attached hereto as Exhibit 4;

Plaintiff's February 21, 2014 Motion to Delay the In-Person Hearing and

Objection to Citibank's and CitiCorp's Failure to Comply with Discovery Requests

and Scheduling Order, a true and correct copy of which is attached hereto as

Exhibit 5.

  61. Citi denies the allegations of Paragraph 61.

  62. Citi denies the allegations of Paragraph 62.

  63. Citi admits that the hearing was scheduled on March 5, 2014.  Citi

denies the remaining allegations of Paragraph 63.

  64. Citi denies the allegations of Paragraph 64.

  65. Citi denies the allegations of Paragraph 61.  Citi further states that Citi

timely produced additional account documents to Plaintiff via U.S. Mail on

February 18, 2014 and re-sent via e-mail on February 21, 2014.  *See* Exhibit 2.

  66. Citi states that the JAMS Streamlined Rules speak for themselves and

no response is required.  To the extent the allegations of Paragraph 66 misquote the

Streamlined Rules, Citi denies the allegations of Paragraph 66.  Citi admits that

Plaintiff submitted an objection and requested to delay the hearing, but denies that

Plaintiff's objection was submitted on February 20, 2014.  Plaintiff's objection was

instead submitted on February 21, 2014.  *See* Exhibit 5.

67.     Citi denies the allegations of Paragraph 67.  Citi further states that the Panel heard from both parties regarding the discovery dispute.  In response to Plaintiff's February 21, 2014, Citi, through counsel, immediately responded to the Panel and Plaintiff via e-mail.  *See* February 21, 2014 e-mail from S. Reise to Plaintiff and Panel, a true and correct copy of which is attached hereto as Exhibit 6. Plaintiff responded and reiterated her objections in a subsequent e-mail to the Panel later that day.  *See* Exhibit 4.  After hearing from both parties, the Arbitration Panel issued an Order on Plaintiff's Objections that same day, sustaining most of Citi's Objections to Plaintiff's discovery requests and ordering the production of two documents.  *See* Panel's February 21, 2014 Order, a true and correct copy of which is attached hereto as Exhibit 7.

68.     Citi denies the allegations of Paragraph 68.

69.     Citi denies the allegations of Paragraph 69.  Citi further states that in addition to the additional account documents which were timely produced to Plaintiff on February 18, 2014, the Panel ordered Citi to produce two additional documents (which consisted only of Citibank's "Do Not Call" policy and a publicly-available December 29, 2009 FCC citation) to Plaintiff in its February 21, 2014 discovery order.  *See* Exhibit 7.  Citi complied with this Order and produced the additional documents to Plaintiff via e-mail on February 24, 2014, the next business day.  *See* February 24, 2014 e-mail from S. Reise to S. Freeman, et al. and

attached documents, a true and correct copy of which is attached hereto as Exhibit 8. Accordingly, Plaintiff was in possession of all documents necessary to present her case and defense in advance of the scheduled hearing in the Arbitration.

70.    Citi admits that the Panel denied Plaintiff's motion to delay the hearing. *See* Exhibit 7. Citi further states that as of February 21, 2014, Plaintiff was in possession of all requested relevant documents related to the Account. *See* Exhibits 2 and 8.

71.    Citi denies the allegations of Paragraph 71.

72.    Citi lacks information or knowledge sufficient to form a belief as to the allegations of Paragraph 72 and therefore denies them.

73.    Citi lacks information or knowledge sufficient to form a belief as to the remaining allegations of Paragraph 73 and therefore denies them.

74.    Citi denies the allegations of Paragraph 74.

75.    Citi denies the allegations of Paragraph 75.

76.    Citi admits that Plaintiff filed an Objection on or about February 24, 2014, and this Objection speaks for itself and no response is required. A true and correct copy of Plaintiff's Objection is attached hereto as Exhibit 9. To the extent a response is required, Citi denies the allegations set forth in Paragraph 76 and in Plaintiff's Objection.

77. Citi admits that it responded to Plaintiff's Objection. *See* February 24, 2014 Response to Plaintiff's Objection, a true and correct copy of which is attached hereto as Exhibit 10. Citi further states that on February 21, 2014, the Panel replied to an e-mail from Citi's counsel, and likely inadvertently failed to "reply all", and requested a copy of Plaintiff's discovery requests. *Id.* Citi's counsel "replied all", but failed to realize Plaintiff was not copied, and attached Plaintiff's discovery requests in response to the Panel's request. *Id.* In response to Plaintiff's February 24, 2014 Objection, Citi disclosed this inadvertent *ex parte* communication to Plaintiff and attached copies of the subject e-mails. *Id.*

78. Citi admits that it responded to Plaintiff's Objection. *See* Exhibit 10. Citi further states that on February 21, 2014, the Panel replied to an e-mail from Citi's counsel, and likely inadvertently failed to "reply all", and requested a copy of Plaintiff's discovery requests. *Id.* Citi's counsel "replied all", but failed to realize Plaintiff was not copied, and attached Plaintiff's discovery requests. *Id.* In response to Plaintiff's February 24, 2014 Objection, Citi disclosed this inadvertent *ex parte* communication to Plaintiff and attached copies of the subject e-mails. *Id.*

79. Citi states that the Panel's February 25, 2014 Order speaks for itself and no response is required. A true and correct copy of the Panel's February 25, 2014 Order is attached hereto as Exhibit 11.

80. Citi denies the allegations of Paragraph 80.

81.   Citi denies the allegations of Paragraph 81.

82.   Citi admits that Plaintiff filed an Objection on February 25, 201 and that Plaintiff's Objection speaks for itself and no response is required. A true and correct copy of Plaintiff's Objection is attached hereto as Exhibit 12. To the extent a response is required, Citi denies the allegations set forth in Paragraph 82 and in Plaintiff's Objection.

83.   Plaintiff's Objection speaks for itself and no response is required. *See* Exhibit 12. To the extent a response is required, Citi denies the allegations set forth in Paragraph 83 and in Plaintiff's Objection.

84.   Citi's Response to Plaintiff's Objection speaks for itself and no response is required. A true and accurate copy of Citi's February 26, 2014 Response is attached hereto as Exhibit 13.

85.   Citi admits that Plaintiff filed a Motion to Stay, which speaks for itself and no further response is required. A true and accurate copy of Plaintiff's Motion to Stay is attached hereto as Exhibit 14. To the extent a response is required, Citi denies the allegations set forth in Paragraph 85 and in Plaintiff's Motion to Stay.

86.   Citi's Response to Plaintiff's Objection speaks for itself and no response is required. A true and accurate copy of Citi's February 26, 2014 Response is attached hereto as Exhibit 15.

87.   Citi denies the allegations of Paragraph 87 as stated.

88.   The Arbitration submissions cited by Plaintiff speak for themselves and no response is required.  Citi further states that, with the exception of attaching the prior Award as an exhibit to its Answer, each reference to the prior arbitration proceeding cited by Plaintiff refers to the discovery completed in the prior proceeding, including the documents previously produced to Plaintiff, which Citi informed the Panel of to avoid duplicating discovery that had already been completed in the first arbitration proceeding between the parties.

89.   Citi admits that the JAMS Office of General Counsel considered Plaintiff's challenge to the continued service of the Panel.  After an independent review of the record, the Office of General Counsel denied Plaintiff's Challenge. A true and correct copy of the February 28, 2014 decision is attached hereto as Exhibit 16.  The panel found that the *ex parte* communication was of an administrative nature, did not concern the substance of the case, and that a full copy of the correspondence was provided to Plaintiff.  *Id.*

90.   Citi denies the allegations of Paragraph 90.  As evidenced by Plaintiff's repeated citations to and reliance on the applicable JAMS Rules, the parties' Arbitration proceeding was also governed by JAMS procedures and rules. Plaintiff's Challenge was handled pursuant to JAMS Rules.  *See* Exhibit 16; *see also* Exhibit 17, a true and correct copy of an e-mail from JAMS to the parties revising the February 28, 2014 Order to cite to JAMS Streamlined Rule 12(j)).

16

91.   Citi admits that Plaintiff objected to the JAMS Office of General Counsel's decision and Plaintiff's Objection speaks for itself and no response is required.  A true and accurate copy of Plaintiff's objection is attached hereto as Exhibit 18.  To the extent a response is required, Citi denies the allegations set forth in Paragraph 91 and in Plaintiff's Objection.

92.   Citi admits that the Panel denied Plaintiff's Motion to Stay.  A true and accurate copy of the Panel's February 27, 2014 Order is attached hereto as Exhibit 19.  Citi denies the remaining allegations of Paragraph 92.

93.   Citi admits that Plaintiff objected to the Panel's denial of her Motion to Stay and Plaintiff's Objection speaks for itself and no response is required.  A true and accurate copy of Plaintiff's March 3, 2014 Objection is attached hereto as Exhibit 20.  To the extent a response is required, Citi denies the allegations set forth in Paragraph 93 and in Plaintiff's Objection.

94.   Citi denies the allegations of Paragraph 94.  As an initial matter, Plaintiff failed to attend the March 5, 2014 hearing and therefore, Plaintiff waived any objections she may have had to those proceedings.  Citi further responds that its Answer did not reveal the content of the prior Award, but instead merely referenced the existence of the prior award in Citi's favor, a fact that was known to the arbitrators by virtue of the fact that *Plaintiff* was the party pursuing the appeal. *See* Answer and Counterclaim, attached as Exhibit F to the Complaint.  Citi did not

include the prior award in its exhibits in light of the Arbitration Panel's order striking the exhibit from the record. *See* Citi's Pre-Hearing Submission, a true and correct copy of which is attached hereto as Exhibit 21.

95.    Citi denies the allegations of Paragraph 94. As an initial matter, Plaintiff failed to attend the March 5, 2014 hearing and therefore, Plaintiff waived any objections she may have had to those proceedings. Moreover, Plaintiff submitted a Post-Hearing Submission on March 21, 2014, after receiving Citi's hearing exhibits, but failed to raise any objections to the evidence presented at the hearing. A true and correct Copy of Plaintiff's Post-Hearing Submission is attached hereto as Exhibit 22. Citi further responds that Citi's Answer did not reveal the content of the prior Award, but instead merely referenced the existence of the prior award in Citi's favor, a fact that was known to the arbitrators by virtue of the fact that *Plaintiff* was the party pursuing the appeal. *See* Answer and Counterclaim, attached as Exhibit F to the Complaint. Citi did not include the prior award in its exhibits in light of the Arbitration Panel's order striking the exhibit from the record. Finally, Citi states that its Answer was not offered as evidence in the second arbitration hearing.

96.    Citi's Post-Hearing Submission speaks for itself and no response is required. A true and accurate copy of the Post-Hearing Submission is attached hereto as Exhibit 23.

97.    Citi denies the allegations of Paragraph 97.

98.    Citi denies the allegations of Paragraph 98, and further denies that it selectively enforced the Card Agreement.

99.    Citi's Post-Hearing Submission speaks for itself and no response is required.  A true and accurate copy of the Post-Hearing Submission is attached hereto as Exhibit 23.

100.    The JAMS Consumer Rules speak for themselves and no response is required.  Citi further states that its request for attorney's fees and costs were denied by the Arbitration Panel.  *See* Exhibit J to the Complaint.

101.    Citi denies the allegation of Paragraph 101, and further states that the Panel's initial decision was made at the pleadings stage of the proceedings.  Citi's renewed request for attorney's fees and costs was based on the course of the proceedings, including Plaintiff's voluminous and meritless objections and attempts to delay the proceedings.

102.    Citi's Post-Hearing Submission speaks for itself and no response is required.  A true and accurate copy of the Post-Hearing Submission is attached hereto as Exhibit 23.

103.    Citi's Post-Hearing Submission speaks for itself and no response is required.  A true and accurate copy of the Post-Hearing Submission is attached

hereto as Exhibit 23.  The allegations in Paragraph 103 of the Complaint are denied.

104.   Citi admits the allegations of Paragraph 104.

105.   With respect to the allegations of Paragraph 105 describing the contents of the Appeal Award, the Appeal Award speaks for itself and no response is required.  Citi denies the remaining allegations of Paragraph 105.

106.   The Appeal Award speaks for itself and no response is required.

107.   Citi denies the allegations of Paragraph 107.

108.   Citi denies the allegations of Paragraph 108.

109.   Citi denies the allegations of Paragraph 109.

110.   Citi denies the allegations of Paragraph 110.

111.   Citi denies the allegations of Paragraph 111.

## COUNT ONE
## VIOLATIONS OF THE FDCPA

112.   Citi refers to and incorporates its foregoing responses as if fully set forth herein.

113.   Paragraph 113 describes Plaintiff's claim and contains no allegations with respect to Citi, and therefore no response is required.  To the extent a response is required, Citi denies the allegations of Paragraph 113.

114.    Paragraph 114 asserts a legal conclusion and contains no allegations with respect to Citi, and therefore no response is required.  To the extent a response is required, Citi denies the allegations of Paragraph 114.

115.    Paragraph 115 asserts a legal conclusion to which no response is required.  To the extent a response is required, Citi denies the allegations of Paragraph 115.

116.    Paragraph 116 asserts a legal conclusion and contains no allegations with respect to Citi, and therefore no response is required.  To the extent a response is required, Citi denies the allegations of Paragraph 116.

117.    Citi denies the allegations of Paragraph 117.

118.    Paragraph 118 asserts a legal conclusion and contains no allegations with respect to Citi, and therefore no response is required.  To the extent a response is required, Citi denies the allegations of Paragraph 118.

119.    Paragraph 119 asserts a legal conclusion and contains no allegations with respect to Citi, and therefore no response is required.  To the extent a response is required, Citi denies the allegations of Paragraph 119.

120.    Paragraph 120 asserts a legal conclusion and contains no allegations with respect to Citi, and therefore no response is required.  To the extent a response is required, Citi denies the allegations of Paragraph 120.

121.   Paragraph 121 asserts a legal conclusion and contains no allegations with respect to Citi, and therefore no response is required.  To the extent a response is required, Citi denies the allegations of Paragraph 121.

122.   Paragraph 122 asserts a legal conclusion and contains no allegations with respect to Citi, and therefore no response is required.  To the extent a response is required, Citi denies the allegations of Paragraph 122.

123.   Citi denies the allegations of Paragraph 123.

## COUNT TWO
## BREACH OF CONTRACT (SOUTH DAKOTA)

124.   Citi refers to and incorporates its foregoing responses as if fully set forth herein.

125.   Paragraph 125 describes Plaintiff's claim, and therefore no response is required.  To the extent a response is required, Citi denies that Plaintiff has stated a claim for breach of Contract under South Dakota law.

126.   Citi admits that the Card Agreement is a contract between Citibank and Plaintiff.  Citi denies that there is currently a contract between Plaintiff and Citicorp.

127.   Citi denies the allegations of Paragraph 127.

128.   Citi denies the allegations of Paragraph 128.

129.   Citi admits that Plaintiff initiated arbitration pursuant to the Card Agreement.

130.   Citi admits that Plaintiff sent Citi a notice purporting to allege a breach of the terms of the Card Agreement.  Citi denies that it breached the Card Agreement.

131.   Citi denies the allegations of Paragraph 131.

### COUNT THREE
### BREACH OF CONTRACT (GEORGIA)

132.   Citi refers to and incorporates its foregoing responses as if fully set forth herein.

133.   Paragraph 133 describes Plaintiff's claim, and therefore no response is required.  To the extent a response is required, Citi denies that Plaintiff has stated a claim for breach of Contract under Georgia law.

134.   Citi admits that the Card Agreement is a contract between Citibank and Plaintiff.  Citi denies that there is currently a contract between Plaintiff and Citicorp.

135.   Citi denies the allegations of Paragraph 135.

136.   Citi denies the allegations of Paragraph 136.

137.   Citi admits that Plaintiff initiated arbitration pursuant to the Card Agreement.

138.   Citi admits that Plaintiff sent Citi a notice purporting to allege a breach of the terms of the Card Agreement.  Citi denies that it breached the Card Agreement.

139.   Citi denies the allegations of Paragraph 139.

## **PETITION TO VACATE ARBITRATION AWARD**

140.   Citi refers to and incorporates its foregoing responses as if fully set forth herein.

141.   Citi opposes Plaintiff's petition requesting that the Appeal Award be Vacated.  Moreover, as set forth below, Citi requests that the Court confirm the Appeal Award.

142.   Citi denies the allegations of Paragraph 142.

143.   Citi denies the allegations of Paragraph 143.  As set forth above and in the exhibits attached hereto, the Arbitration Panel fairly adjudicated Plaintiff's claims, Citibank's Counterclaim, and Plaintiff's objections asserted throughout the course of the proceedings.

144.   Citi denies the allegations of Paragraph 144.  As demonstrated by the record, Plaintiff had a full and fair opportunity to adjudicate her claims.  Moreover, Plaintiff failed to appear at the in-person hearing held on March 5, 2014, which formed the basis of the Panel's finding of fact and conclusions of law.  By failing to attend the hearing, Plaintiff failed to submit evidence and waived any objections she may have had to the evidence or proceedings.

145.   Citi opposes Plaintiff's petition requesting that the Appeal Award be Vacated.  Moreover, as set forth below, Citi requests that the Court confirm the Appeal Award.

## PRAYER FOR RELIEF

146.   Citi refers to and incorporates its foregoing responses as if fully set forth herein.

147.   Citi denies that Plaintiff is entitled to any relief whatsoever, and states that the Court should confirm the arbitration award and enter a judgment in Citi's favor with respect to all claims between the parties.

## CITI'S ANSWER TO PLAINTIFF'S JURY DEMAND AND GENERAL DENIAL

Each and every allegation in Plaintiff's Complaint and Verified Petition which is not specifically and unequivocally admitted is denied.  No response is required to Plaintiff's demand for jury trial. To the extent a response is required, Citi denies that Plaintiff is entitled to trial by jury on some or all of her claims.  Citi reserves the right to amend and/or supplement its Answer and to raise any additional defenses that Citi may become aware of through discovery or otherwise.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's claims are barred, in whole or in part, on the grounds that they fail to state a claim upon which relief can be granted as to Citi and further fail to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief.

2.      Plaintiff's alleged losses, if any, were proximately caused by her own decisions, conduct, and/or negligence, not by any action or inaction on the part of Citi.  Plaintiff therefore is barred from recovery based on her own negligence, contributory negligence, or comparative negligence.

3.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

4.      Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her damages, if any.

5.      Plaintiff lacks standing to assert some or all of the claims made in the Complaint.

6.      Plaintiff's claims are barred, in whole or in part, by a failure of a condition precedent.

7.      Plaintiff is barred and estopped from asserting her claims against Citi, in whole or in part, because of Plaintiff's own actions and/or the actions of Plaintiff's agents.

8.     Plaintiff's claims are barred, in whole or in part, by the Federal Arbitration Act.

9.     Plaintiff's claim are barred, in whole or in part, because Citi fulfilled all duties owed to Plaintiff.

10.    Plaintiff's claims are barred by waiver, acquiescence and/or estoppel.

11.    Plaintiff's claims are barred by the assumption of the risk doctrine because she voluntarily assumed the risks of the transaction at issue and the losses allegedly incurred.

12.    Plaintiff's claims are barred by a failure of consideration.

13.    Citi reserves the right to add additional affirmative defenses as they become known.

## CROSS-PETITION TO CONFIRM ARBITRATION AWARD

Defendants Citibank, N.A. and Citicorp Credit Services, Inc. (collectively, "Citi"), by an through its undersigned counsel, hereby moves this Court for an Order confirming the Award entered in favor of Citi and against Plaintiff Sheryl P. Freeman ("Plaintiff").  In support of this Cross-Petition, Citi states as follows.

1.     Plaintiff filed a claim against Citi with JAMS, Case Number 1440003475.

2.     Citibank asserted a counterclaim to collect the amount owed on a credit card account (the "Account"), totaling $28,357.54, plus interest, costs and attorney's fees.

3.     On June 20, 2013 JAMS entered an award in Citi's favor, from which Plaintiff filed a Notice of Appeal.  The Appeal was assigned Case No. 1410006333.

4.     On April 3, 2014, JAMS entered an award (the "Award") in favor of Citi as to Plaintiff's claims and Citibank for $28,357.54 on its counterclaims. JAMS awarded nothing to Plaintiff on her claims.

5.     Pursuant to Section 13 of the Federal Arbitration Act, Citi attaches the Award as Exhibit 24 and the parties' arbitration agreement as Exhibit 25.

6.     Pursuant to Section 9 of the Federal Arbitration Act, Citi hereby moves the Court for an Order confirming the Award.  The basis for this Cross-Petition is set forth in Citi's contemporaneously filed Brief in Opposition to Plaintiff's Petition to Vacate Arbitration Award and in Support of Respondent's Cross-Petition to Confirm Arbitration Award.  Because Plaintiff sets forth no valid basis to vacate, the Court should confirm the award in accordance with the Federal Arbitration Act.

In light of the foregoing and the attachments hereto, Citi respectfully requests that the Award be confirmed, and that judgment be entered in favor of Citi

as to Plaintiff's claims and in favor Citibank as to its counterclaim in the amount

$28,357.54 plus applicable post-judgment interest until the judgment is paid in full.


Dated: August 26, 2014                  Respectfully submitted,

                                        /s/ Sarah T. Reise
                                        Christopher J. Willis, GA Bar 766297
                                        Sarah T. Reise, GA Bar 181567
                                        BALLARD SPAHR LLP
                                        999 Peachtree Street, N.E.
                                        Suite 1000
                                        Atlanta, Georgia  30309
                                        Telephone:  (678) 420-9300
                                        Facsimile:   (678) 420-9301
                                        willisc@ballardspahr.com
                                        reises@ballardspahr.com
                                        *Counsel for Defendants Citibank, N.A.*
                                        *and Citicorp Credit Services, Inc.*

# DECLARATION OF COUNSEL IN SUPPORT OF CITIBANK, N.A. AND CITICORP CREDIT SERVICES, INC. ANSWER AND PETITION TO CONFIRM ARBITRATION AWARD

The undersigned PERSONALLY APPEARED BEFORE ME who, after being duly sworn, deposes and states that:

1.     My name is Sarah Reise, and I am an attorney at the law firm of Ballard Spahr, LLP ("Ballard Spahr").   I submit this Affidavit in support of Citibank, N.A. and Citicorp Credit Services, Inc.'s Verified Answer and Petition to Confirm Arbitration Award (the "Petition") filed in the above-captioned action.

2.     Ballard Spahr represented Citibank, N.A. ("Citibank") and Citicorp Credit Services, Inc. (collectively, "Citi") in the arbitration proceedings that resulted in the arbitration award that Citi seeks to confirm.  Accordingly, as a result of Ballard Spahr's representation of Citi, I am familiar with the facts set forth in this declaration, through personal knowledge and review of arbitration records. The statements set forth in this Affidavit are true and correct.

3.     The above named Plaintiff ("Defendant") filed an arbitration claim in or about October 5, 2012 with JAMS, asserting various claims against Citi.  The arbitration provision relied upon by Defendant as governing Defendant's credit card account (the "Account") is attached hereto as Exhibit 24.

4.     The arbitrator held an in-person hearing on May 10, 2013, and issued an award in favor of Citibank as to all claims and counterclaims on June 20, 2013.

5.      Plaintiff filed a notice of appeal from the first arbitration award on June 20, 2013.   Plaintiff's Notice of Appeal, which sets forth her demand, is attached to the Complaint as Exhibit B.

6.      Citibank filed a counterclaim in the JAMS arbitration, seeking recovery of the amount owed by Plaintiff on the Account.   A true and correct copy of Citi's answer and counterclaim is attached to Plaintiff's Complaint as Exhibit F.

7.      On or about March 24, 2014, after an in-person hearing held on March 5, 2014 and considering all parties' post-hearing briefing, the JAMS Panel issued an Arbitration Award ("Award"), awarding Citibank the amount of $28,357.54 and denying Plaintiff's claims in their entirety.   A true and correct copy of the Award is attached hereto as Exhibit 24.   The Award is now final pursuant to the parties' arbitration provision.

8.      I am authorized to verify all facts set forth in the foregoing Verified Answer and Cross-Petition to Confirm Arbitration Award on behalf of both Citibank, N.A. and Citicorp Credit Services, Inc. regarding the arbitration proceedings. I declare that all facts set forth in the foregoing Verified Answer and Cross-Petition to Confirm Arbitration Award are true and correct to the best of my knowledge and belief.

FURTHER AFFIANT SAYETH NAUGHT.

I declare under the penalties for perjury that the foregoing representations are true and correct.

Executed this ___26___ day of ___August___, 20_14_.

_____
Sarah T. Reise

Sworn to and subscribed
Before me this __26__ day
Of August, 2014.

_____
NOTARY PUBLIC

My commission expires on ____5/29/16____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I served a copy of DEFENDANTS CITIBANK N.A. AND CITICORP CREDIT SERVICES, INC.'S VERIFIED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT AND PETITION TO VACATE ARBITRATION AWARD AND CROSS-PETITION TO CONFIRM ARBITRATION AWARD with the Clerk of Court using the CM/ECF system and served it upon the following parties by U.S. Mail, postage prepaid:

> Sheryl P. Freeman
> 1721 Dunn Road
> Molena, GA 30258

Dated: August 26, 2014

Respectfully submitted,

*/s/ Sarah T. Reise*
Christopher J. Willis, GA Bar 766297
Sarah T. Reise, GA Bar 181567
BALLARD SPAHR LLP
999 Peachtree Street, N.E.
Suite 1000
Atlanta, Georgia  30309
Telephone:  (678) 420-9300
Facsimile:  (678) 420-9301
willisc@ballardspahr.com
reises@ballardspahr.com
*Counsel for Defendants Citibank, N.A.*
*and Citicorp Credit Services, Inc.*