IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| SHERYL P. FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION FILE NO. |
| CITIBANK, NA; CITICORP CREDIT | ) | 3:14-cv-00067-TCB-RGV |
| SERVICES, INC.; BALLARD SPAHR | ) | |
| LLP; and DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND SUPPORTING MEMORANDUM OF LAW

Defendants Citibank, N.A. ("Citibank") and Citicorp Credit Services, Inc. (collectively, "Citi") respectfully submit this motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and Local Rule 7.1.

### I.     INTRODUCTION

Plaintiff asserts two claims for breach of contract against Citi arising out of an arbitration proceeding that resulted in an award in favor of Citi.  In short, Plaintiff alleges that Citi failed to arbitrate pursuant to the terms of the parties' contract (hereinafter the "Card Agreement") during the course of the arbitration, and thereby breached the Card Agreement.  Plaintiff's claims lack merit and Citi is entitled to judgment on the pleadings pursuant to Rule 12(c).

Plaintiff's breach of contract claims are nothing more than an end-run

around the Federal Arbitration Act (the "FAA").  The FAA establishes a strong federal policy in favor of arbitration.  The FAA further creates a presumption that courts will defer to arbitrators' decisions and will confirm an award except in four very narrow circumstances.

Plaintiff's claims are based on allegations that, during her appeal from a first arbitration that resulted in an award in favor of Citi, Citi impermissibly exposed the arbitration panel to the prior award.  However, Plaintiff asserted numerous objections and filed several motions related to this alleged conduct during the arbitration proceeding, and the arbitration panel considered and issued decisions on Plaintiff's objections and motions.

By asserting her breach of contract claims in this action, Plaintiff expressly invites the Court to interfere with and overturn the arbitration panel's decisions on these issues.  To permit Plaintiff's claims would be to allow every dissatisfied party to an arbitration to avoid an unfavorable award merely by asserting a breach of contract claim, to the effect that the arbitration agreement was breached because the arbitration did not proceed as the losing party wished it had.  Such a result would violate the FAA and the Eleventh Circuit's precedents, which prohibit interference with the arbitrators' decisions and award.  Plaintiff's claims should be dismissed for these reasons.

## II.   STATEMENT OF FACTS

### A.   The Arbitration Provision in the Card Agreement

This matter relates to Plaintiff's delinquent credit card Account, on which she owed $28,357.54 to Citibank.  *See* the March 25, 2014 Arbitration Award at 1-2, hereinafter the "Award", attached to Compl. as Exh. J and to Citi's Verified Answer And Cross-Petition to Confirm Arbitration Award (the "Answer" or "Ans.") as Exh. 24.  The Card Agreement, which governs the terms and conditions of the Account, contained an arbitration provision that permitted a party to elect mandatory, binding arbitration to resolve disputes related to the Account.  Compl., Exh. 1; Ans., Exh. 25, p. 9.

With respect to the choice of arbitrator, the Card Agreement provides that the party initiating arbitration may choose to file with the American Arbitration Association, JAMS, or the National Arbitration Forum.  *Id.* at 10.  The Card Agreement goes on to state that "[t]he arbitration will follow procedures and rules of the arbitration firm in effect on the date the arbitration is filed unless those procedures and rules are inconsistent with [the Card Agreement], in which case [the Card Agreement] will prevail."  *Id.* at 11.

### B.   The First Arbitration Proceeding

Plaintiff initiated an arbitration related to the Account with JAMS on or about October 5, 2012, and asserted claims for violation of the Telephone

Consumer Protection Act ("TCPA"), the Fair Credit Reporting Act ("FCRA"), the

Georgia Uniform Deceptive Trade Practices Act and the Georgia Fair Business

Practices Act, and for emotional distress.  *See* Compl. ¶ 5; *see also* the Award.

The arbitration was initiated pursuant to the card agreement governing the Account

(the "Card Agreement").  *See* Compl., Exh. A; Ans., Exh. 25.

Citi filed an answer and Citibank asserted counterclaims for breach of

contract, account stated, and unjust enrichment to collect the amount owed on the

Account.  *See* Award at 2.  The arbitrator held an in-person hearing on May 10,

2013, and issued an award in favor of Citi as to all claims and Citibank's

counterclaims on June 20, 2013.  Compl. ¶ 14.

## C.    Plaintiff's Appeal from the First Arbitration Proceeding

Plaintiff filed a notice of appeal on June 20, 2013.  *Id.*  Pursuant to the Card

Agreement, the appeal would be before a panel of three arbitrators, who would

consider all factual and legal issues anew.  Compl., Exh. A; Ans., Exh. 25 at 11.

The arbitration panel (the "Panel") was appointed on or about September 12, 2013.

Compl. ¶ 34.  The three-arbitrator Panel was comprised of Hon. James Robertson,

Hon. Mercedes Aramas Bach, and Hon. Juan Rameriz, three retired federal judges.

Compl., Exh. G.

Citi again answered and Citibank asserted the same counterclaims.  Compl.

¶ 20; *see also id.* at Exh. F.  Citibank also requested an award of its attorneys' fees

and costs. *Id.* While Citi's Answer did not quote from or describe the findings of fact or conclusions of law set forth in the prior award, Citi referenced the existence of the prior award and attached a copy of the prior award as an exhibit to the Answer. Compl., Exh. F.

Plaintiff objected to the inclusion of the prior award, arguing that the appeal was a "new" arbitration proceeding. Compl. ¶ 32. During the initial hearing, held on February 12, 2014, the Panel agreed and held that the arbitration would be a "new" proceeding and not a review of the prior award. Compl. ¶ 39; *see also* Ans., Exh. 1. The Panel accordingly ordered that the prior award attached to Citi's Answer was stricken from the record. Ans., Exh. 1. The Panel also assured Plaintiff that it was not familiar with and had not read the prior award. *Id.*; *see also* Compl. ¶¶ 39-40, 43, 45; Award at 2 and n.1.

Plaintiff alleges that the Panel made contradictory statements during the initial hearing regarding whether it had read the pleadings, and with them, the prior award. Compl. ¶¶ 42-45. However, the Panel has consistently affirmed that while it may have reviewed the Plaintiff's initial demand, they have not reviewed the prior award. *See* Compl. ¶¶ 40-45; Ans., Exh. 1; Award at 2 and n.1.

After the Panel struck the prior award from the record, the only references made to the prior arbitration proceeding related to discovery. Specifically, after Plaintiff sought to take broad and voluminous discovery, Citi referred to the prior

discovery that was exchanged in the first arbitration proceeding. *See, e.g.*, Ans.,

Exhs. 3, 14.  This was appropriate given that it was in the Panel and all of the

parties' best interests to ensure that discovery was not unnecessarily duplicated,

and because the same documents that were produced during the first proceeding

were relevant to Plaintiff's claims and Citibank's counterclaims.  However, at no

time after the initial hearing did Citi discuss or otherwise reveal the prior

arbitrator's factual findings or conclusions of law. *See generally* Compl. and Ans.

Nevertheless, Plaintiff raised repeated objections, alleging that the Panel was

irreparably tainted by its alleged exposure to the prior award. *See* Ans., Exhs. 13,

15, 19 and 21.  The Panel and JAMS' Office of the General Counsel considered

Plaintiff's objections and overruled them. *See* Ans., Exhs. 17, 18, 20; *see also*

Award.

     The in-person hearing was held on March 5, 2014. *See* Award.  Notably,

Plaintiff failed to appear at the hearing and offered no evidence in support of her

claims whatsoever. *Id.*  Citi proffered testimony from a corporate representative,

Judy Delage, and introduced business records related to the Account in support of

its counterclaims and in defense of Plaintiff's claims. *Id.*  Moreover, contrary to

Plaintiff's allegations, Citi's exhibits did not include the prior arbitration award.

*See* Ans., Exh. 21.  After the hearing, the Panel ordered Citi to send to Plaintiff a

copy of its hearing Exhibits and allowed the parties to submit post-hearing briefing. *See, e.g.* Ans., Exhs. 22-23.

After considering all evidence and argument proffered by the parties, including both parties' post-hearing submissions, the Panel found that Plaintiff failed to prove up any of her claims. *See* Award. With respect to Citibank's counterclaims, the Panel found that Plaintiff opened and used the Account, and held that Plaintiff was liable to Citibank for the outstanding balance on the Account, including interest and late charges, totaling $28,357.54. *Id.* With respect to Citibank's request for costs, the Panel denied Citibank's request for an award of costs pursuant to JAMS rules. *Id.* With respect to Citibank's claim for attorney's fees, while the Panel concluded that the parties' arbitration agreement permitted attorney's fees in arbitration, the Panel declined to grant an award of fees. *Id.*

Plaintiff now asserts claims for breach of contract under both South Dakota and Georgia law, alleging that Citi tainted the arbitration proceedings and therefore, breached the Card Agreement. Plaintiff's claims fail as a matter of law.

### III.    APPLICABLE LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss. *Roma Outdoor Creations, Inc. v. City of Cumming*, 558 F.

Supp. 2d 1283, 1284 (N.D. Ga. 2008).  Thus, a complaint cannot survive a motion

for judgment on the pleadings unless it "contain[s] sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 127

S. Ct. 1955, 1974 (2007)).   Although detailed factual allegations are not required,

a plaintiff must allege "more than labels and conclusions" and "raise a right to

relief above the speculative level."  *See James River Ins. Co. v. Ground Down*

*Eng'g, Inc.*, 540 F.2d 1270, 1274 (11th Cir. 2008) (citing *Twombly*, 127 S. Ct. at

1965) (internal quotations omitted).   Moreover, "[t]hreadbare recitals of the

elements of a cause of action, supported be mere conclusory statements, do not

suffice."  *Iqbal*, 129 S. Ct. at 1949.   Accordingly, courts need not accept a

plaintiff's "conclusory allegations, unwarranted deductions of facts or legal

conclusions masquerading as facts."  *Oxford Asset Mgt. v. Jaharis*, 297 F.3d 1182,

1188 (11th Cir. 2002) (citation omitted).

In deciding a motion for judgment on the pleadings, the court may consider

documents that are central to the plaintiff's claims, even if the plaintiff failed to

attach those documents to the complaint.  *Daewoo Motor America, Inc.*, 459 F.3d

1249, 1266 n.11 (11th Cir. 2006) (*cert denied*, 127 S. Ct. 2032 (2007)); *see also*

*Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (a "court may consider a

document attached to a motion to dismiss without converting the motion into one

for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) … the authenticity of the document is not challenged"). If documents attached or referred to in the complaint contradict the plaintiff's allegations, the documents control. *Griffin Indus. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007). "A motion for judgment on the pleadings is properly granted if the moving party is clearly entitled to judgment." *Robinson Explosives, Inc. v. Dalon Contracting Co., Inc.*, 132 Ga. App. 849, 852 (1974).

Under this standard, Plaintiff's allegations cannot survive, and judgment should be entered in favor of Citi.

## IV.   ARGUMENT

Put simply, Plaintiff's breach of contract claims are nothing more than an attempt to avoid the FAA. Plaintiff alleges that Citi's conduct during the arbitration breached the Card Agreement's arbitration provision, which caused her $28,357.54 in damages. This is the exact amount the Panel awarded to Citibank in the Award. *See* Award at 6. Plaintiff seeks to nullify the Award with a claim for damages by inviting this Court to impermissibly interfere with the Panel's decisions.

The FAA creates a presumption that "arbitration awards will be confirmed and 'federal courts should defer to an arbitrator's decision whenever possible.'" *See Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010)

9

(citing *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 909 (11th Cir. 2006)).  The FAA "does not allow courts to roam unbridled in their oversight of arbitration awards, but carefully limits judicial intervention to instances where arbitration has been tainted in specific ways."  *See Robbins v. Day*, 954 F.2d 679, 683 (11th Cir. 1992), *overruled on other grounds*, *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 947-49 (1995).

Judicial review of arbitration awards is "narrowly limited."  *Gianelli Money Purchase Plan & Trust v. ADM investor Servs., Inc.*, 146 F.3d 1309, 1311 (11th Cir. 1998); *Southern Mills, Inc. v. Nunes*, No. 1:10-cv-3340-RWS, 2013 U.S. Dist. LEXIS 49048, at *3 (N.D. Ga. Mar. 29, 2013) ("A court's ability to review an arbitration panel's conclusions is extremely limited.")  Section 10 of the FAA provides for vacatur of an arbitration award only in four narrow circumstances:

> (1) Where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*See* 9 U.S.C. § 10(a)(1)-(4).   Courts are bound by these four exceptions as the **exclusive** grounds upon which they may vacate an arbitration award.   *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 583-85 (2008).   In the Eleventh Circuit, even a review based on these four statutory grounds is limited, as arbitrators "do not act as junior varsity trial courts where subsequent appellate review is readily available to the losing party."   *See Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 843 (11th Cir. 2011) (citation omitted).

The Second Circuit's decision in *Jacobs v. USA Track & Field*, 374 F.3d 85 (2d Cir. 2004), in which the plaintiff asserted similar claims regarding the defendant's alleged failure to arbitrate as agreed, is instructive.   In *Jacobs*, the parties agreed to arbitrate their dispute before the American Arbitration Association (the "AAA"), but subsequently disagreed as to which set of rules applied – the "Commercial Rules" or the "Supplementary Procedures."   *Id.* at 87. The AAA agreed with the respondents that the Supplementary Procedures applied. *Id.*   The claimant appealed to the U.S. District Court and sought to compel the respondents to arbitrate pursuant to the Commercial Rules.   *Id.*   The district court determined that it lacked jurisdiction over the matter because the respondents had not "refused to arbitrate," which is a prerequisite to compelling arbitration under the FAA.   *Id.*   The Second Circuit affirmed, holding that the respondents did not commence litigation against the claimant or fail to comply with an order to

arbitrate issued by the AAA, and therefore, the respondents did not refuse to arbitrate as required under the FAA. *Id.* at 89. *See also Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 461-462 (5th Cir. 2010) ("Under the FAA, the district court has the authority to determine (1) whether arbitration should be compelled, see §§ 2-4, and (2) whether an arbitration award should be confirmed, vacated, or modified, see §§ 9-11. Beyond those narrowly defined procedural powers, the court has no authority to interfere with an arbitration proceeding." (citing *Smith, Barney, Harris Upham & Co. v. Robinson*, 12 F.3d 515, 520-21 (5th Cir. 1994) (per curiam)); *Brooks v. Susser Holdings Corp.*, Civ. Act. No. C-09-266, 2012 U.S. Dist. LEXIS 155777 (S.D. Tex. Oct. 30, 2012) (denying motion for discovery sanctions that occurred during arbitration because the court lacked authority to interfere in arbitration).

Here, because the parties actively engaged in arbitration before JAMS. The Panel issued decisions on the parties' objections throughout the proceedings. After an in-person hearing on the merits (at which Plaintiff failed to appear), the Panel issued a decision based on the evidence presented and the arguments of the parties. *See* Award. As the history of the arbitration proceedings make clear, Citi abided by all orders issued by the Panel regarding the scope of the arbitration appeal. Because of this, Citi did not refuse to arbitrate pursuant to the Card Agreement.

Moreover, by asserting her claims for breach of contract, Plaintiff invites

this Court to overturn the Panel's rulings and decisions regarding her objections. Specifically, Plaintiff repeatedly asserted her objections regarding the attachment of the prior award to Citi's answer in the arbitration appeal, and the Panel and JAMS Office of the General Counsel considered and ruled on her objections throughout the arbitration. *See e.g.,* Compl. ¶¶ 40-45; Ans., Exhs. 1, 17, 18, 20; Award at 2 and n.1. Moreover, if Plaintiff were to succeed on her breach of contract claims, this outcome would effectively vacate the award for a reason not authorized by the Section 10 of the FAA. *See* 9 U.S.C. § 10(a)(1)-(4). An award to Plaintiff for the $28,357.54 in damages sought in the Petition would effectively nullify the Panel's Award to Citibank in the same amount. Such a result would violate the limitation on court oversight and review of arbitration proceedings set forth by both the FAA and the Eleventh Circuit. 9 U.S.C. § 10(a)(1)-(4); *Cat Charter,* 646 F.3d at 843. Indeed, Plaintiff's Petition fails to satisfy any of the prongs of Section 10 of the FAA, and as set forth in Citi's Brief in Opposition to Plaintiff's Petition to Vacate the Arbitration Award and In Support of Their Cross Petition to Confirm the Arbitration Award, contemporaneously filed herewith.

Because the Award should be confirmed pursuant to the FAA, Citi is entitled to judgment as a matter of law with respect to Plaintiff's breach of contract claims.

## V.    CONCLUSION

Plaintiff's claims for breach of contract fail to state any viable claims against

Citi.  Accordingly, Citi's Motion for Judgment on the Pleadings should be granted

as to each of Plaintiff's claims.

Dated: August 26, 2014                      Respectfully submitted,

*/s/ Sarah T. Reise*
Christopher J. Willis, GA Bar 766297
Sarah T. Reise, GA Bar 181567
BALLARD SPAHR LLP
999 Peachtree Street, N.E.
Suite 1000
Atlanta, Georgia  30309
Telephone:  (678) 420-9300
Facsimile:   (678) 420-9301
willisc@ballardspahr.com
reises@ballardspahr.com
*Counsel for Defendants Citibank, N.A.*
*and Citicorp Credit Services, Inc.*

## CERTIFICATION OF COMPLIANCE WITH L.R. 5.1

I hereby certify that the foregoing has been computer processed with 14 point New Times Roman Font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1.

Dated: August 26, 2014                     Respectfully submitted,

/s/ Sarah T. Reise
Christopher J. Willis, GA Bar 766297
Sarah T. Reise, GA Bar 181567
BALLARD SPAHR LLP
999 Peachtree Street, N.E.
Suite 1000
Atlanta, Georgia  30309
Telephone:  (678) 420-9300
Facsimile:   (678) 420-9301
willisc@ballardspahr.com
reises@ballardspahr.com
Counsel for Defendants Citibank, N.A.
and Citicorp Credit Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I served a copy of DEFENDANTS

CITIBANK N.A. AND CITICORP CREDIT SERVICES, INC.'S MOTION FOR

JUDGMENT ON THE PLEADINGS AND SUPPORTING MEMORANDUM OF

LAW with the Clerk of Court using the CM/ECF system and served it upon the

following parties by U.S. Mail, postage prepaid:

> Sheryl P. Freeman
> 1721 Dunn Road
> Molena, GA 30258

Dated: August 26, 2014                    Respectfully submitted,

<div style="margin-left:40%">

*/s/ Sarah T. Reise*
Christopher J. Willis, GA Bar 766297
Sarah T. Reise, GA Bar 181567
BALLARD SPAHR LLP
999 Peachtree Street, N.E.
Suite 1000
Atlanta, Georgia  30309
Telephone:  (678) 420-9300
Facsimile:   (678) 420-9301
willisc@ballardspahr.com
reises@ballardspahr.com
*Counsel for Defendants Citibank, N.A.*
*and Citicorp Credit Services, Inc.*

</div>