FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

SEP 2 6 2014

James N. Hatten Clerk
By: _____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

SHERYL P. FREEMAN,                    :
                                      :
   Plaintiff                          :
                                      :
                                      :   CIVIL ACTION FILE
v.                                    :
                                      :   NO. 3:14-cv-00067-TCB-RGV
                                      :
CITIBANK, N.A.;                       :
CITICORP CREDIT SERVICES, INC.;       :
BALLARD SPAHR, LLP;                   :
and DOES 1-50,                        :
                                      :
Defendants.                           :

# AMENDED

## PLAINTIFF'S REPLY BRIEF TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S PETITION TO VACATE ARBITRATION AWARD AND IN SUPPORT OF PLAINTIFF'S PETITION TO VACATE ARBITRATION AWARD

Sheryl P. Freeman ("Plaintiff"), hereby submits this Amended Reply Brief To

Citibank, N.A. And Citicorp Credit Services, Inc.'s ("Defendants") Opposition To

Plaintiff's Petition To Vacate Arbitration Award And In Support Of Plaintiff's Petition

To Vacate Arbitration Award pursuant LR 7.1 C and LR 15.1.

1

## INTRODUCTION

Plaintiff repeats, realleges, and incorporates the detailed Facts within Plaintiff's Verified Complaint as fully set forth herein in support of this Amended Reply Brief and in support of Plaintiff's Petition To Vacate Arbitration Award. (*See Compl. pp. 3-21, and Compl. exhibits A-J, pp 30-98*).

Plaintiff has petitioned this Court to vacate the Award upon the valid statutory grounds outlined in the Federal Arbitration Act ("FAA") 9 US at § 1-16. Plaintiff asserts valid causes for vacatur on grounds set forth in the FAA at § 10, based on the Panel of Three Arbitrators (the "Panel") failure to conduct the contractual New Arbitration per the terms of the Agreement and based on the conduct of the Panel within the arbitration process. Plaintiff has not based her Petition for vacatur on matters outside of the FAA grounds.

Arbitration is governed by the terms of the Agreement which state that the appeal is to be a New Arbitration and that the Arbitrator(s) are to consider all factual and legal issues anew. The Agreement also states that arbitration is governed by the FAA. The arbitration is further governed by the applicable JAMS Rules.

Plaintiff's Verified Complaint details valid grounds for vacatur under the FAA

2

at § 10 which provides vacatur for any one of the following:

FAA at § 10 **(a)** *In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—*

*(1) where the award was procured by corruption, fraud, or undue means;*

*(2) where there was evident partiality or corruption in the arbitrators, or either of them;*

*(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or*

*(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.*

## **ARGUMENT**

The FAA provides grounds for vacatur by any one of the aforementioned causes. Plaintiff's Verified Complaint shows causes which touch all four corners of the FAA

grounds for vacatur as outlined below.

## Where the award was procured by corruption, fraud, or undue means

### The Award was procured by corruption by:

(a) Defendants' exposure of the null Award to the Panel. (*See Compl.*)

(b) Defendants' numerous references to the previous arbitration to the Panel. (*See Compl.*)

(c) Defendant's admittance to interpreting their own appeal clause wrong. (*See Def.'s Ans., Exh 15, exhibit "page 2", lines 2-6*)

(d) The Panel's admittance that they had believed the appeal was just a review of the previous arbitration.  (*See Plaintiff's Affidavit, Compl. Exh. H*)

(e) The Panel's admittance that they had read the Answer, which contained the null Award. (*See Plaintiff's Affidavit, Compl. Exh. H*).

(f) The Panel's deceit in changing their statement saying they did not read the Answer "all that well." (*See Plaintiff's Affidavit, Compl. Exh. H*)

(g)The Panel's deceit by false statement within the Award stating "At one point in the telephone conference, Arbitrator Robertson said he had read the Pleadings. He did not however, read Citi's Answer..." (*See Def. Ans., Exh. 24, "Award page 2",*

4

*footnote 1*), when in fact during the Call upon Plaintiff asking if the Panel had read

the Answer, he said "yes." (*See Plaintiff's Affidavit, Compl. Exh. H*)

### The Award was procured by undue means by:

(h) The Panel's rapidly moving the arbitration forward due to one members

retirement. The arbitration consisted of three weeks from Call to Hearing. (*See*

*Plaintiff's Affidavit, Compl. Exh. H*)

### <u>Where there was evident partiality or corruption in the arbitrators, or either of</u>

### <u>them</u>

### There was evident partiality by:

 (i) The Panel's denial to postpone the hearing for Plaintiff's February 26, 2014

Motion To Stay to invoke her right under the FAA at § 4 which states "<u>A party</u>

<u>aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a</u>

<u>written agreement for arbitration may petition any United States district court</u> which,

save for such agreement, would have jurisdiction under title 28, in a civil action or

in admiralty of the subject matter of a suit arising out of the controversy between the

parties, <u>for an order directing that such arbitration proceed in the manner provided</u>

<u>for in such agreement</u>." (*See Def. Ans. Exh. 19, Panel's February 27, 2014 Order*)

(j) The Panel's proceeding with the hearing irregardless of Defendants unpaid JAMS fees by which the February 19, 2014 Hearing Notice stated that "All fees must be paid to proceed with the hearing." (*See "Def.'s Ans., Exh. 23, "Def. Post-Hearing Submission p. 4", footnote 3*) which states: "This amount includes $5, 794.14 invoiced by JAMS on or about February 28, 2014, which <u>will be paid</u> in the normal course of business".

(*See also Def.'s Ans. Exh. 24, "Award p. 5", line 9*), which states "specifically $30,602.43 paid <u>or to be paid to JAMS</u>."

## There was corruption in the arbitrators by:

(k) The Panel's violation of their own February 21, 2014 Order which stated that "The portions of Citi's answer that "<u>discuss and previous arbitration</u>" **and** <u>the exhibit that reveals the prior award are</u> **STRICKEN**." (*See Def.'s Ans., Exh. 1, "Pretrial and Scheduling Order, Section 1"*).  Defendants resubmitted their Answer at the March 5, 2014 Hearing, which still contained the portion that "discussed the previous arbitration", and the Panel did accept the stricken material, thus violating their own Order. (*See Def.'s Ans., Exh. 21*)

(l) The Panel's violation of the governing JAMS Streamline Rule 13(c), which

6

denied Plaintiff her right to a Discovery Dispute Conference either by phone or in person. (*See Compl.*) (*See also Def.'s Ans., Exhs. 9 and 11*)

(m) The Panel's serious violation of the governing JAMS Streamline Rule 11, by committing ex parte communication with Defendants regarding Plaintiff's Discovery Dispute behind Plaintiff's back. (*See Compl.*) (*See also Def.'s Ans., Exh. 10, the 6th page, labeled "page 1"*) (which is the ex parte email from Judge Robertson to Defendants and Defendants to Judge Robertson without Plaintiff's knowledge). JAMS Streamlined Rule 11 states: "Ex Parte Communications. No Party will have **any** ex parte communication with the Arbitrator regarding **any** issue related to the Arbitration. The Panel privately communicated with Defendants regarding an issue related to Plaintiff's discovery dispute and Defendants' violation of the Discovery Order. The Panel failed to disclose the ex parte communication to Plaintiff. Defendants have attempted to downplay this serious betrayal of trust, but Rule 11 has NO exceptions. Plaintiff was harmed by the Panel's prejudicial misconduct furthered by the Panel denying Plaintiff's right to a Rule 13(a) discovery dispute conference. Plaintiff trust in the Panel's integrity was compromised and Plaintiff could not know if any other ex parte communication had or would take place. The Panel failed to be "neutral" as required by the Agreement and JAMS Rules.

**<u>Where the arbitrators were guilty of misconduct in refusing to postpone the</u>**

**<u>hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent</u>**

**<u>and material to the controversy; or of any other misbehavior by which the</u>**

**<u>rights of any party have been prejudiced</u>**

**The Panel was guilty of misconduct in refusing to postpone the hearing**

**upon sufficient cause shown by:**

(n) The Panel's denial to postpone the hearing upon Plaintiff's February 26, 2014

Motion To Stay invoking Plaintiff's right under FAA Section 4 to petition a court for

an order directing that the arbitration proceed in the manner provided for in the

Agreement. *(See Def.'s Ans., Exh. 19)*

**The Panel was guilty in refusing to hear evidence pertinent and material to**

**the controversy by:**

(o) The Panel's denial to postpone the hearing upon Plaintiff's motion to compel

Defendants to comply with discovery. *(See Def.'s Ans., Exh. 7)*

(p) The Panel's violation of their own Order stating Plaintiff could ask for anything

not previously received, which Plaintiff did, and upon Defendants' late Objection,

the Panel's violation of Rule 11 by ex parte communication, the Panel's violation of

Rule 13(c) by failing to perform a required Discovery Dispute Conference, and by

8

the Panel violating their own Order by issuing an Order denying Plaintiff discovery. *(See Def.'s Ans., Exh. 7)*

**The Panel was guilty of misbehavior by which Plaintiff's rights were prejudiced by:**

(q) The Panel did rapidly rush the New Arbitration, which amounted to a mere three weeks from the First Preliminary Scheduling Conference Call to the Hearing, due to one of the Panel members retiring and his desire to wrap up his commitments, which should not have influenced the arbitration by extreme rush, did cause Plaintiff harm. *(See Plaintiff's Affidavit, Compl., Exh. H)*

**<u>Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.</u>**

**The Panel did exceed their powers by:**

(r) The Panel did proceed with the New Arbitration outside of the scope of the terms within the Agreement.

(s) The Panel did proceed with the New Arbitration outside the Panel's capacity as outlined within the Agreement.

(t) The Panel did proceed with the hearing even though Plaintiff properly invoked

her right under FAA Section 4 which changes jurisdiction from the Panel to a

Federal Court to enforce arbitration per the terms of the Agreement.

(u) The Panel did strike Plaintiff's 5 day Notice to Defendants per the requirements

under FAA Section 4.

(v) The Panel did proceed with the New Arbitration upon corruption; upon

Plaintiff's numerous Objections; upon Plaintiff's motion to stay, upon the Panel's

violations of their own Orders; upon the Panel's violations of the governing JAMS

Rules; and upon the Panel Overruling their own violations.

(w) The Panel did refuse to recuse themselves upon Plaintiff's Objection and

Challenge To Continued Service for Cause per Streamlined Rule 12(j) irregardless

of the corruption, violation of the Rules, and the Panel's serious violation of ex parte

communication.(*See Def.'s Ans., Exh. 12*)

## MEMORANDUM OF LAW IN SUPPORT

**A.** The FAA "requires courts to enforce privately negotiated agreements to

arbitrate, like other contracts, in accordance with their terms." *Volt Info. Scis., Inc. v.

Bd. of Trustees, 489 U.S. 468, 478, 109 S. Ct. 1248, 1255, 103 L. Ed. 2D 488(1989).*

**B.** Ultimately, arbitrators derive their powers from the parties' agreement. We

recognize, then, that arbitrators may exceed their power within the meaning of §

10

10(a)(4) if they fail to comply with mutually agreed-upon contractual provisions in an agreement to arbitrate. The authority of the arbitrators in an arbitration proceeding is dependent on the provisions of the arbitration agreement under which the arbitrators were appointed." *Szuts v. Dean Witter Reynolds, Inc., 931 13 F.2d 830 (11th Cir. 1991).*

**C.** Parties "have a right to arbitration according to the terms for which [they] contracted," the panel exceeded its authority under the FAA by failing to meet its contractual obligations. *W. Employers Ins. v. Jefferies & Co., 958 F.2d 258, 260 (9th Cir. 1992).*

**D.** "As for jurisdiction over controversies touching arbitration,' however, the [FAA] is 'something of an anomaly' in the realm of federal legislation: It 'bestow[s] no federal jurisdiction but rather requir[es] [for access to a federal forum] an independent jurisdictional basis' over the parties' dispute." *Vaden v. Discover Bank, 556 U.S. 49, 129 S. Ct. 1262 (2009).*

**E.** Eleventh Circuit held that federal jurisdiction exists over a petition seeking an order to compel arbitration relating to a consumer loan. The Eleventh Circuit concluded that Supreme Court precedent requires it to "look through" the Federal Arbitration Act ("FAA") Section 4 petition to the substantive controversy

between the parties. Because the dispute could have arisen under federal law, federal jurisdiction over the FAA petition exists and the district court has jurisdiction over defendants' Section 4 petition. *Community State Bank v. Strong 651 F. 3d 1241 - Court of Appeals, 11th Circuit, 2011.*

 **F.** Corruption, fraud or other undue means may be presumed in the event of an ex parte contact involving disputed issues between an arbitrator and a party *(Rosenthall-Collins Group v. Reiff, 748 N.E.2d 229 (Ill. Ct. App. 2001).*

 **G.** The Supreme Court concluded that "the panel simply imposed its own conception of sound policy" and thus exceeded its powers. *Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp., 129 S.Ct. 2793 (2009).*

 **H.** "[i]t is only when the arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable" under FAA 10 (a) subsection 4. *White Springs Agricultural Chemicals, Inc. v. Glawson Investments Corp., 660 F.3d 1277 (11th Cir. 2011).* (explaining that "binding, final, and non-appealable" awards can be appealed for abuse of authority, bias, and disregard of the law) *Rollins, Inc. v. Black, 167 Fed. App'x 798, 799 n.1 (11th Cir. 2006).* ("A 'binding, final, and non-appealable' arbitral award does not mean the award cannot be reviewed. It simply means the parties

12

have agreed to relinquish their right to appeal the merits of their dispute; it does not mean the parties relinquish their right to appeal an award resulting from an arbitrator's abuse of authority, bias, or manifest disregard of the law.")

**J.** (holding that an arbitration award that was "unappealable" was still reviewable for allegations of corruption, fraud, or partiality). *Commc'ns Consultant, Inc. v. Nextel Commc'ns of the Mid-Atlantic, Inc., 146 Fed. App'x 550, 552 (3d Cir. 2005)*

**K.** The Ninth Circuit held that "9 U.S.C. § 10(a), the statutory grounds for vacatur in the FAA, may not be waived or eliminated by contract." *Wal-Mart Wage & Hour Empl. Practices Litig. v. Class Counsel & Party to Arbitration, 737 F.3d 1262, 1268 (9th Cir.2013)*. This case further provides that, if parties were able to waive this section of the FAA, "the balance Congress intended would be disrupted and parties would be left without any safeguards against arbitral abuse."

**L.** Fraud is found where the arbitrator has had numerous ex parte contacts with one party's representatives and totally disregarded the other party's arguments in arriving at a decision against the other party. *Pacific & Arctic Ry. and Nav. Co. v. United Transp. Union, 952 F.2d 1144, 1148 (9th Cir. 1991)*

**M.** An arbitrator's failure to make appropriate disclosures may justify setting

13

aside an award. *Matter of Andros Compania Maritima, S.A. of Kissavos (Marc Rich & Co., A.G.)*, *579 F.2d 691 (2nd Cir. 1978).*

**N.** An arbitration award was vacated where the arbitrator prevented a party from presenting evidence. *Gulf Coast Indus. Workers Union v. Exxon Co., USA*, *70 F.3d 847 (5th Cir. 1995).*

**O.** An arbitrator "exceeds his power" where the arbitrator exceeds the limits of his contractual authority. *Humble Oil & Refining Co. v. Local Union 866*, *321 F.Supp. 374 (S.D. N.Y. 1970),affirmed, 447 F.2d 229 (2nd Cir. 1971).*

## CONCLUSION

Plaintiff has shown a preponderance of valid causes to vacate pursuant to the statutory grounds within FAA Section 10.

Plaintiff did raise numerous objections per Streamline Rule 22(a), (*See Compl., Exh E, p 58*), to avoid waiving the right to object, to no avail.

Plaintiff did raise her Challenge To Continued Service per Streamline Rule 22(b), (*See Compl., Exh E, p 58*), to no avail.

Plaintiff did motion to stay the arbitration to seek a court's intervention per FAA Section 4 due to the breach of the Agreement's arbitration terms committed by the Panel and by Defendants, to no avail.

14

Plaintiff refused to participate in the hearing due to all of the corruption and wrongdoing committed by the Panel and by Defendants.

Plaintiff was denied a fair contractual New Arbitration.

Plaintiff was harmed by the acts of the Panel and by the acts of Defendants in which an Award was procured by corruption, undue means, bias, evident partiality, misbehavior, misconduct, and exceeding of powers.

WHEREFORE, the Court must grant Plaintiff's Petition To Vacate Arbitration Award and deny Defendants' Cross-Petition To Confirm Arbitration Award.


Respectfully submitted this 24th day of September, 2014,

Sheryl P. Freeman
1721 Dunn Road
Molena, GA 30258
770-468-8887

15

## <u>CERTIFICATE OF SERVICE</u>

I, Sheryl P. Freeman, hereby certify that I have this 24th day of September 2014

served Plaintiff's AMENDED Reply Brief To Defendants' Opposition To Plaintiff's

Petition To Vacate Arbitration Award And In Support Of Plaintiff's Petition To

Vacate Award upon Defendants' counsel by USPS Mail to:

Sarah Reise
Ballard Spahr, LLP
999 Peachtree Street, NE
Suite 1000
Atlanta, GA 30309

Sheryl P. Freeman
1721 Dunn Road
Molena, GA 30258
770-468-8887

16