IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| SHERYL P. FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION FILE NO. |
| CITIBANK, NA; CITICORP CREDIT | ) | 3:14-cv-00067-TCB-RGV |
| SERVICES, INC.; BALLARD SPAHR | ) | |
| LLP; and DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

**CITIBANK, N.A.'S AND CITICORP CREDIT SERVICES, INC.'S REPLY IN SUPPORT OF THEIR CROSS-PETITION TO CONFIRM THE ARBITRATION AWARD**

Defendants Citibank, N.A. ("Citibank") and Citicorp Credit Services, Inc. (collectively, "Citi"), hereby submit this reply brief in support of their Cross-Petition to Confirm Arbitration Award ("Cross-Petition").

As demonstrated in the Cross-Petition, the Federal Arbitration Act ("FAA") requires that the arbitration award (the "Award") between the parties be confirmed. In opposition to the Cross-Petition, Plaintiff argues that Citi's Cross-Petition should be denied because Citi failed to satisfy its burden of proof under the FAA for confirmation of the award. Specifically, Plaintiff argues that Citi failed to attach to the Cross-Petition the "correct" version of the arbitration agreement.

Plaintiff also argues that Citi failed to attach the document appointing the arbitration panel (the "Panel").  Plaintiff's arguments are entirely without merit.[1]

## I.   There is No Dispute that the Parties Entered into a Valid Arbitration Agreement.

First, Plaintiff offers no explanation or support for her conclusory allegation that the arbitration agreement attached to Citi's Cross-Petition was not the "correct" version.  And, of course, the contention that Citi failed to meet establish the existence of an arbitration agreement ignores the entire record in this case, which demonstrates that *Plaintiff* initiated the arbitration based on the arbitration provision in the Cardholder Agreement related to her credit card account.  Indeed, Plaintiff recently filed a motion asking the Court to stay this action and compel the parties to further arbitration *pursuant to the arbitration agreement in the Card Agreement.  See* Doc. 26.  Thus, there is simply no dispute in this case that the parties entered into a valid arbitration agreement.

---

[1] Plaintiff also bizarrely argues that Citi has "improperly wedge[d]" its Cross-Petition within Plaintiff's Fair Debt Collection Practices Act ("FDCPA") action.  However, as set forth in Citi's Motion for Judgment on the Pleadings (Doc. 17) and Ballard Spahr, LLP's Motion to Dismiss (Doc. 18), Plaintiff's breach of contract and FDCPA claims lack any legal and factual support and represent Plaintiff's improper attempt to avoid the result of the arbitration and circumvent the FAA.  Accordingly, Plaintiff fails in her efforts to transform this simple arbitration confirmation case into an FDCPA/breach of contract action.

A review of the cases cited in Plaintiff's brief underscores this point. In *MBNA Am. Bank, N.A. v. Credit*, 281 Kan. 655, 658, 132 P.3d 898, 900-01 (2006), the party objecting to the confirmation of the award contested the existence of an arbitration agreement. The court held that in the face of such an objection, "the responsibility fell to [the party seeking confirmation] to litigate the issue of the agreement's existence." Similarly, in *Czarina, L.L.C. v. W.F. Poe Syndicate*, 358 F.3d 1286, 1289 (11th Cir. 2004), one of the parties unequivocally denied the existence of an arbitration agreement.

Here, there is no such dispute. Plaintiff admits the existence of a valid arbitration agreement and relied on that agreement, both in initiating arbitration and filing this action (in which she claims that Citi breached the arbitration agreement). Plaintiff even attached a version of the Cardholder Agreement containing the arbitration provision to her Complaint. *See* Doc. 3-1. Moreover, Plaintiff's Petition to Vacate the Award is not based on any assertion that there was no such agreement. To the contrary, Plaintiff argues that the Award should be vacated because the outcome of the arbitration, including the Panel's decisions regarding the timing of the merits hearing and discovery disputes, were not in Plaintiff's favor.

Finally, even if the Court accepts as true Plaintiff's conclusory statement that the version of the Cardholder Agreement attached to Citi's Cross-Petition is "incorrect," Plaintiff's argument still fails.   As noted above, Plaintiff also attached a version of the Cardholder Agreement to her Petition.   Both copies of the Cardholder Agreement contain the same arbitration provision.  Compare Doc. 3-1, at p. 6-7 with Doc. 15-25 at 8-9.   Therefore, whether the Court considers the Cardholder Agreement attached to Citi's Cross-Petition or Plaintiff's Petition, the arbitration agreement is the same.

For these reasons, Plaintiff's argument that the Court cannot confirm the Award because there is no evidence that an arbitration agreement exists is disingenuous and lacks merit.

**II.     Citi's Petition to Confirm the Award is Not Defective for Failure to Attach the Document Evidencing the Appointment of the Arbitration Panel.**

Plaintiff also argues that Citi's Cross-Petition should be denied because Citi failed to attach the document evidencing the appointment of the arbitrators to its Cross-Petition.  Plaintiff therefore contends that Citi did not comply with 9 U.S.C. § 13.  Plaintiff misinterprets the FAA.

9 U.S.C. § 13 provides in relevant part:

> Papers filed with order on motions; judgment; docketing;
> force and effect; enforcement:

4

> The party moving for an order confirming, modifying, or correcting an award **shall, at the time such order is filed with the clerk for the entry of judgment** thereon, also file the following papers with the clerk:
>
> (a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award. . . .

(emphasis added).

This code section sets forth the procedures for filing **an order** confirming, modifying or correcting an award with the clerk in connection with the entry of a judgment. It does not set forth the requirements of a petition seeking such an order. The content of such a petition is governed by 9 U.S.C. § 9, which requires a party to show that there is an arbitration agreement and that an award exists. *See* 9 U.S.C. § 9. Indeed, it is not uncommon for courts to enter an order confirming an arbitration award and to provide instructions in that order to the moving party to file the documents identified in § 13 with the clerk. *See Gorsuch, Ltd. v. Wells Fargo Nat. Bank Ass'n,* No. 11-CV-00970-PAB-MEH, 2013 WL 4494304 (D. Colo. Aug. 21, 2013) (in order granting motion to confirm arbitration award, instructing moving party to file documents identified in 9 U.S.C. § 13 with the clerk).

Under the plain language of 9 U.S.C. § 13, if the Court grants Citi's Cross-Petition to confirm the arbitration award, Citi will be required to file the award and all of the documents identified in § 13 (including the appointment of the arbitrators) with the clerk as a prerequisite to the clerk's entry of judgment in Citi's favor.  Therefore, Plaintiff's argument that Citi's Petition to Confirm the Award is defective under 9 U.S.C. § 13 lacks merit.[2]

## III.   Conclusion

In this case, there can be no question that the parties entered into a binding arbitration agreement (which Plaintiff relied upon in compelling arbitration) and that the Award exists.  The record makes clear that the FAA requires confirmation of the Award.  Plaintiff fails to carry the heavy burden required to vacate the Award.[3]  Accordingly, the FAA requires that the Award be confirmed.

---

[2] Additionally, even if Plaintiff is correct, and the Court must consider the appointment of the arbitrators in connection with granting Citi's Cross-Petition, the necessary document is already in the record.  Plaintiff alleged that the arbitrators were appointed in Paragraph 33 of her Petition and attached the appointment document as Exhibit G.  Doc. 3 at ¶ 33; Exh. G.  Citi admitted the allegations of Paragraph 33 in its Verified Answer. *See* Doc. 15, ¶ 33.

[3] Notably, Plaintiff's amended reply in support of her Petition to Vacate the Award largely fails to respond to the arguments raised in Citi's Opposition.  *See* Doc. 25. Plaintiff primarily rehashes the factual allegations of her Petition, and most of the case law cited is for general propositions of law and is not factually or legally on point.  Additionally, in her original reply, Plaintiff admits that she did not attend

Dated: October 1, 2014                    Respectfully submitted,

                                          /s/ Sarah T. Reise
                                          Christopher J. Willis, GA Bar 766297
                                          Sarah T. Reise, GA Bar 181567
                                          BALLARD SPAHR LLP
                                          999 Peachtree Street, N.E.
                                          Suite 1000
                                          Atlanta, Georgia  30309
                                          Telephone:  (678) 420-9300
                                          Facsimile:   (678) 420-9301
                                          willisc@ballardspahr.com
                                          reises@ballardspahr.com
                                          *Counsel for Defendants Citibank, N.A.*
                                          *and Citicorp Credit Services, Inc.*

---

the final hearing on the merits.  *See* Doc. 23.  For the reasons set forth in Citi's Opposition, Plaintiff fails to make the necessary showing to vacate the Award.

# <u>CERTIFICATION OF COMPLIANCE WITH L.R. 5.1</u>

I hereby certify that the foregoing has been computer processed with 14 point New Times Roman Font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1.

Dated: October 1, 2014                Respectfully submitted,

*/s/ Sarah T. Reise*
Christopher J. Willis, GA Bar 766297
Sarah T. Reise, GA Bar 181567
BALLARD SPAHR LLP
999 Peachtree Street, N.E.
Suite 1000
Atlanta, Georgia  30309
Telephone:  (678) 420-9300
Facsimile:   (678) 420-9301
willisc@ballardspahr.com
reises@ballardspahr.com
*Counsel for Defendants Citibank, N.A.*
*and Citicorp Credit Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I served a copy of DEFENDANTS

CITIBANK N.A. AND CITICORP CREDIT SERVICES, INC.'S REPLY BRIEF

IN   SUPPORT   OF   THEIR   CROSS-PETITION   TO   CONFIRM   THE

ARBITRATION AWARD with the Clerk of Court using the CM/ECF system and

served it upon the following parties by U.S. Mail, postage prepaid:

> Sheryl P. Freeman
> 1721 Dunn Road
> Molena, GA 30258

Dated: October 1, 2014                    Respectfully submitted,

> */s/ Sarah T. Reise*
> Christopher J. Willis, GA Bar 766297
> Sarah T. Reise, GA Bar 181567
> BALLARD SPAHR LLP
> 999 Peachtree Street, N.E.
> Suite 1000
> Atlanta, Georgia  30309
> Telephone:  (678) 420-9300
> Facsimile:  (678) 420-9301
> willisc@ballardspahr.com
> reises@ballardspahr.com
> *Counsel for Defendants Citibank, N.A.*
> *and Citicorp Credit Services, Inc.*