IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| SHERYL P. FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CIVIL ACTION FILE NO. |
| CITIBANK, NA; CITICORP CREDIT ) | 3:14-cv-00067-TCB-RGV |
| SERVICES, INC.; BALLARD SPAHR ) | |
| LLP; and DOES 1-50, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRIVATE/CONTRACTUAL ARBITRATION AND STAY PROCEEDINGS PENDING ARBITRATION**

Defendants Citibank, N.A. ("Citibank"), Citicorp Credit Services, Inc. (collectively, "Citi"), and Ballard Spahr LLP respectfully submit this opposition to Plaintiff's Motion to Compel Private/Contractual Arbitration and Stay Proceedings pursuant to Local Rule 7.1B.

## INTRODUCTION

Plaintiff initiated this lawsuit on June 6, 2014, seeking to overturn two (2) separate arbitration awards issued by JAMS in favor of Citibank for $28,357.54 and against Plaintiff pursuant to the parties' arbitration agreement. Now, four months and several motions and briefs later, Plaintiff now seeks to compel

arbitration of her claims instead of continuing to litigate. Permitting Plaintiff to arbitrate her spurious assertion that the JAMS awards and Defendants' alleged actions somehow breached the parties' contract and/or violated the Fair Debt Collection Practices Act ("FDCPA"), would create a never-ending circle of claims where Plaintiff goes round and round from JAMS to Court and back again - - all the while avoiding a judgment against Plaintiff. The Federal Arbitration Act ("FAA"), however, prevents such a result and provides that only a court may determine whether to confirm or vacate an arbitration award. Plaintiff's motion should be denied.

## STATEMENT OF FACTS

This saga began back in 2012, when Plaintiff filed her first arbitration demand with JAMS relating to Plaintiff's delinquent and unpaid Citibank credit card account (the "Account"). *See* June 20, 2013 Arbitration Award issued by JAMS arbitrator (the "First Arbitration Award"), p. 1). As the First Arbitration Award details, after many hearings, discovery, subpoenas, etc., a hearing was conducted on May 10, 2013, in which Plaintiff (then the arbitration claimant) and Citibank (along with other respondents) presented their claims and defenses. About a month later, the arbitrator issued a detailed, 18-page First Arbitration Award in Citibank's favor. The First Arbitration Award also made clear that

respondents, including Citibank, bore the full cost of the JAMS fees and costs. Plaintiff appealed.

The Plaintiff appealed the First Arbitration Award to a panel of three arbitrators. *See* the March 25, 2014 panel arbitration award at 1-2 (the "Second Appeal Arbitration Award"), ECF No. 3-9 at 4-10. After a new hearing on the merits, the Panel issued the Second Appeal Arbitration Award, once again awarding Citibank the $25,357.54 amount due on the Account, dismissing Plaintiff's claims against Citi and once again requiring Citibank to bear the costs and fees for the arbitration.[1] *Id.* at ¶ 104.

In a last ditch effort to avoid paying Citibank what she owes, Plaintiff then filed this lawsuit. Compl., ECF No. 3. She asserts breach of contract claims against Citi, a FDCPA claim against Citi's counsel, Ballard Spahr LLP, and asks the Court to vacate the arbitration award.[2] *Id.* at ¶¶ 112-145. Plaintiff contends that Citi breached the card agreement that governs the account (the "Card

---

[1] Citi paid JAMS over $30,000 in fees/costs for the second appellate arbitration, alone.

[2] Plaintiff seeks actual damages in exactly the amount awarded Citi by the original arbitrator and the appellate panel – an obvious continuation of her attempt to avoid paying the Account balance due. *Compare* Compl. at ¶ 147, *with* Second Appeal Arbitration Award, ECF No. 15-24, at 1-2.

Agreement") by not arbitrating her previous claims as required by the Agreement's arbitration provision. *See* Compl., ECF. No. 3.

Citibank answered and cross-petitioned for confirmation of the Second Appeal Arbitration Award. Verified Answer of Citibank, ECF No. 15, at 27. Citi also filed a motion for judgment on the pleadings, ECF No. 17, and Ballard Spahr filed a motion to dismiss for failure to state a claim. ECF No. 18.

Plaintiff filed a response to Defendants' petition to confirm the arbitration award, ECF No. 22, and sought an extension of time to respond to Defendants' motions. ECF No. 20. Plaintiff also filed two reply briefs in support of her petition to vacate – the first on September 15, 2014 (ECF No. 23) and an amended reply brief on September 26, 2014 (ECF No. 25).

Now, Plaintiff asks this Court to compel the parties to arbitration and stay this case. ECF No. 26. Plaintiff's motion, however, fails as a matter of law.

## ARGUMENT

The present motion to compel arbitration is simply Plaintiff's latest attempt to avoid paying Citibank what two arbitrations, including one before a panel of three retired federal judges, have already determined Plaintiff rightfully owes. This attempt fails because Plaintiff seeks to avoid application of the FAA by improperly removing the decision to affirm or vacate an arbitration award from the

4

hands of this Court and seating it with the very arbitration organization that made the award Plaintiff wishes vacated.[3]  This Court should deny Plaintiff's motion to compel.

Plaintiff's motion to compel attempts to invoke federal law's preference for arbitration to extend the life of her purported breach of contract and FDCPA claims.  However, the sole purpose of these claims is to vacate the Second Appeal Arbitration Award through an improper backdoor.  This is contrary to the letter and the spirit of the FAA.

As demonstrated in Citibank's Motion for Judgment on the Pleadings and Ballard Spahr's Motion to Dismiss, Plaintiff's claims fail as a matter of law.  As shown by Plaintiff's assertion of damages in exactly the amount of the Award, Compl. at ¶ 147, these claims are merely a mechanism to vacate the Second Appeal Arbitration Award in contravention of the FAA.  But the FAA provides very limited circumstances under which a district court may vacate an award, *see*

---

[3] Moreover, the Card Agreement between Plaintiff and Citibank may not even provide Plaintiff a right to arbitrate in this context.  The Agreement states that "[a] party who initiates a proceeding in court may elect arbitration with respect to *any Claim advanced in that proceeding by any other party*." Doc. 3-1 at p. 6 (emphasis added).  Plaintiff indisputably initiated this proceeding before this court, but the only claims she seeks to arbitrate are her own, not Defendants'.  By its plain language then, the Agreement suggests Plaintiff cannot seek to compel arbitration of her own claims after initiating litigation.

9.U.S.C. § 10(a)(1)-(4), none of which Plaintiff's claims—or her petition to vacate—satisfy. *See* Mot. J. Pleadings, ECF No. 17, at 12-13.

Given the nature of her claims, Plaintiff's Motion to Compel seeks to shift review of her claims (and the validity of the Second Appeal Arbitration Award) to arbitration. This is contrary to the FAA, which provides that only "the United States court in and for the district wherein the award was made," may confirm or vacate arbitration awards. 9 U.S.C. § 10(a). Arbitration rules may provide for quasi-appellate review of awards as occurred here, but the FAA dictates that confirmation and vacatur belong in the hands of courts alone, not the arbitration organization that issued an award.[4]  *Id.*  Plaintiff's motion to compel arbitration therefore is improper and should be denied.

## CONCLUSION

Plaintiff's motion to compel arbitration contravenes the FAA by improperly removing review of the Second Appeal Arbitration Award from the province of this Court. Accordingly, this Court should deny Plaintiff's motion and resolve this

---

[4] Compelling arbitration of Plaintiffs claims would place JAMS in the awkward, and untenable position of confirming or vacating its own award. A JAMS arbitrator issued the original Award. A JAMS panel of arbitrators then reviewed Plaintiff's arguments anew and came to the same conclusions as the original arbitrator. Now, Plaintiff wants another JAMS arbitrator to review the previous JAMS panel decision. Such a course of action, in addition to violating the FAA, makes little sense.

action by confirming the arbitration award that settled the claims between the parties.

Dated: October 14, 2014	Respectfully submitted,

/s/ Sarah T. Reise
Christopher J. Willis, GA Bar 766297
Sarah T. Reise, GA Bar 181567
BALLARD SPAHR LLP
999 Peachtree Street, N.E.
Suite 1000
Atlanta, Georgia  30309
Telephone:  (678) 420-9300
Facsimile:   (678) 420-9301
willisc@ballardspahr.com
reises@ballardspahr.com
*Counsel for Defendants Citibank, N.A. and Citicorp Credit Services, Inc.*

## **CERTIFICATION OF COMPLIANCE WITH L.R. 5.1**

I hereby certify that the foregoing has been computer processed with 14 point New Times Roman Font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1.

Dated: October 14, 2014					Respectfully submitted,

/s/ Sarah T. Reise
Christopher J. Willis, GA Bar 766297
Sarah T. Reise, GA Bar 181567
BALLARD SPAHR LLP
999 Peachtree Street, N.E.
Suite 1000
Atlanta, Georgia  30309
Telephone:  (678) 420-9300
Facsimile:   (678) 420-9301
willisc@ballardspahr.com
reises@ballardspahr.com
*Counsel for Defendants Citibank, N.A.*
*and Citicorp Credit Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I served a copy of DEFENDANTS' REPLY TO PLAINTIFF'S MOTION TO COMPEL PRIVATE/CONTRACTUAL ARBITRATION AND STAY PROCEEDINGS PENDING ARBITRATION with the Clerk of Court using the CM/ECF system and served it upon the following parties by U.S. Mail, postage prepaid:

> Sheryl P. Freeman
> 1721 Dunn Road
> Molena, GA 30258

Dated: October 14, 2014                     Respectfully submitted,

*/s/ Sarah T. Reise*
Christopher J. Willis, GA Bar 766297
Sarah T. Reise, GA Bar 181567
BALLARD SPAHR LLP
999 Peachtree Street, N.E.
Suite 1000
Atlanta, Georgia  30309
Telephone:  (678) 420-9300
Facsimile:   (678) 420-9301
willisc@ballardspahr.com
reises@ballardspahr.com
*Counsel for Defendants Citibank, N.A.
and Citicorp Credit Services, Inc.*