IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| SHERYL P. FREEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>CITIBANK, N.A., et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 3:14-cv-67-TCB |

**O R D E R**

This matter is before the Court on Plaintiff Sheryl Freeman's objections [40] to Magistrate Judge Vineyard's Report and Recommendation (the "R&R") [38].

I.   **Factual Background**

In 2003, Freeman opened a credit card account with Defendant Citibank, N.A. and entered into a credit card agreement that contained an arbitration clause. In 2012, Freeman commenced arbitration proceedings against Defendants Citibank and Citicorp Credit Services, Inc. (collectively, "Citi") alleging violations of various consumer

protection statutes. Citi counterclaimed to recover the outstanding balance on Freeman's credit card account. That arbitration concluded in June 2013 with an award in favor of Citi.

Freeman immediately filed a notice of appeal with the arbitration firm—JAMS—and thereby instituted a new arbitration proceeding.[1] That arbitration commenced on August 21, 2013 and proceeded to a hearing on March 5, 2014. Freeman participated in the arbitration process but refused to participate in the hearing because of what she perceived to be corruption and wrongdoing on the part of the panel and Citi. On March 25, 2014, the panel issued a final award in favor of Citi. That award was based in part on Freeman's failure to appear, which the panel found to be a dispositive issue because she carried the burden of proving her claims.

On April 28, 2014, Freeman filed her complaint [3] in this Court against Citi, Defendant Ballard Spahr LLP, and fifty John-Doe Defendants. Her complaint requests vacatur of the March 25

---

[1] The credit card agreement provides that any appeal of an arbitration award shall be "a new arbitration before a panel of three neutral arbitrators" and that the panel shall "consider all factual and legal issues anew."

arbitration award, asserts claims for breach of contract against Citi, and avers that Ballard Spahr violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"). The substantive claims against Citi and Ballard Spahr relate entirely to actions taken in connection with the arbitration proceedings.

On August 26, 2014, Citi filed an answer and cross-petition to confirm the arbitration award [15] as well as a motion for judgment on the pleadings [17]. The same day, Ballard Spahr filed a motion to dismiss Freeman's claims [18]. Freeman timely sought and was granted an extension through September 29 to respond to the motions. On September 26, instead of filing a response to either of the pending dispositive motions, Freeman filed a motion to compel arbitration and to stay this action pending arbitration [26]. On October 9, almost two weeks after the extended deadline to respond to Defendants' motions, Freeman filed a motion [28] seeking additional time to respond based on her (mistaken) belief "that no response to Defendants' two motions are due while Plaintiff's [m]otion to [c]ompel [a]rbitration of those issues is pending."

3

The R&R recommends that: (1) Freeman's motion to compel arbitration be denied; (2) Freeman's petition to vacate the arbitration award be denied; (3) Citi's cross-petition to confirm the arbitration award be granted; (4) Citi's motion for judgment on the pleadings be granted; and (5) Ballard Spahr's motion to dismiss be granted. The R&R also denies Freeman's motion for a second extension of time to respond to Defendants' motions. Freeman has filed objections to the R&R.

## II. Legal Standard on Review of an R&R

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).[2] Where no objection to the R&R is made, it need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781,

---

[2] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing continuing validity of *Nettles*).

4

784 (11th Cir. 2006).[3] Where objections are made, a district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

---

[3] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings; however, the Supreme Court has held that there is no reason for the district court to apply a different standard of review to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). By contrast, the standard of review on appeal distinguishes between the factual findings and legal conclusions. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when magistrate judge's findings of fact are adopted by district court without objection, they are reviewed on appeal under plain-error standard, but questions of law remain subject to de novo review).

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

### III. Analysis

The Court has conducted a careful review of the R&R and Freeman's objections thereto. Having done so, the Court finds that Magistrate Judge Vineyard's factual and legal conclusions were correct and that Freeman's objections have no merit.

Freeman's first objection to the R&R relates to the denial of her motion to compel arbitration. She argues that refusing to compel arbitration runs afoul of the Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), which she cites for the proposition that "courts must enforce arbitration agreements."

*Concepcion* dealt with the enforceability of class-action waivers in arbitration clauses, an issue wholly irrelevant to this case. The general proposition that arbitration clauses should be enforced, moreover, is not in dispute. Judge Vineyard did not declare the arbitration agreement unconscionable or otherwise unenforceable. He found that Freeman—after choosing to file this federal lawsuit and allowing it to be litigated for several months, only to then raise the issue of arbitration after Defendants had answered and filed dispositive motions—had waived her right to enforce that arbitration agreement. Based on the record before the Court, that finding was unquestionably correct and violative of neither Supreme Court precedent nor the Federal Arbitration Act.[4]

---

[4] Freeman offers a list of decisions in which she contends Citi successfully moved to compel arbitration, and she argues that Citi should not be able to invoke arbitration when it benefits the bank but avoid arbitration in this instance. But none of those decisions involved an attempt by Citi to compel arbitration of claims

In part two of Freeman's objections, she "objects to the Magistrate's rulings on all other matters in this action." [40], p.20. She reiterates her arguments relating to her motion to compel arbitration, but she otherwise fails to identify any alleged flaw in the R&R's reasoning or conclusions, other than to summarily state that she objects to the various recommendations that were made. Although she purports to object to the recommendation that the dispositive motions be granted, she does not substantively address those motions or the R&R's analysis of them. Having failed to "specifically identify those findings objected to," Freeman's objections to the remainder of the R&R are due to be overruled. *Nettles*, 677 F.2d at 410 n.8. But even if her objections were sufficiently presented, the Court finds no error in the R&R's factual or legal conclusions.

## IV.  Conclusion

For the foregoing reasons, the Court adopts as its Order the R&R [38] and overrules Freeman's objections to the R&R [40]. Defendants'

---

that it had already begun to litigate in court. Citi's prior invocations of the arbitration language in its contracts does not limit its ability in this case to oppose arbitration where it has already expended time and resources to litigate Freeman's claims in the venue in which she freely chose to file.


motion for judgment on the pleadings [17] and motion to dismiss [18] are granted. Freeman's motion to compel arbitration [26] is denied. Freeman's petition to vacate arbitration award [3] is denied, and Citi's cross-petition to confirm the arbitration award [15] is granted. The Clerk is directed to close this case.

IT IS SO ORDERED this 10th day of February, 2015.

_____
Timothy C. Batten, Sr.
United States District Judge