FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

MAR 0 4 2015

James N. Hatton, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

SHERYL P. FREEMAN                    :
(Plaintiff)                          :
                                     :   CIVIL ACTION FILE NO.
v                                    :
                                     :   3:14-cv-00067-TCB-RGV
CITIBANK, N.A.;                      :
CITICORP CREDIT SERVICES, INC.       :
BALLARD SPAHR, LLP;                  :
and DOES 1-50,                       :
(Defendants)                         :

## MOTION FOR STAY OF EXECUTION OF JUDGMENT AND ORDER
## PENDING APPEAL
## AND WAIVER OF BOND REQUIREMENT

Now comes Plaintiff Sheryl P. Freeman ("Plaintiff"), and hereby moves this

Court for an immediate stay of execution of judgment and waiver of posting a bond

on appeal.

Plaintiff moves for a stay of execution of the Judgment and Order issued in

the above captioned case on February 10, 2015 [Doc. 41, 43], pending appeal.

Plaintiff promptly filed her Notice Of Appeal on February 24, 2015 [Doc. 44], which

is taken from each and every part of said Judgment and Order.

Plaintiff's request for a stay for execution of judgment is made pursuant to

1

Fed. R. App. P . 8: *Stay or Injunction Pending Appeal (a) Motion for Stay. (1) Initial Motion in the District Court. A party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal.*

Further, Plaintiff's request is pursuant to Fed. R. of Civ. P. 62, which governs federal stays granted in the district courts and sets forth when the actions are permitted, as in 62 (d): *Stay with Bond on Appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond.*

Plaintiff's request for waiver of an appeal bond is warranted pursuant to the local rules of this Court, which state that a bond is *not* routinely required on appeal, as shown hereto. L.R. 65.1.1 E: *Bonds for Costs on Appeal. A party in a civil case appealing a judgment from this court shall not be routinely required to file a bond for costs on appeal. The court may, however, upon meritorious motion by a party or on its own initiative, order an appellant or cross-appellant to file a bond for costs in an amount and with those conditions as the court may designate in its order.*

This Court has the discretion to waive any appeal bond requirement and order a stay pending appeal without the posting of a bond. Plaintiff filed this action *In*

2

*Forma Pauperis.* Plaintiff is currently insolvent. That will not change, or is very unlikely to change during the appeal process. Defendant Citibank is a 100+ billion dollar corporation. Any attempt by Defendant to execute the Judgment at this point would be unproductive, and would only serve to prevent Plaintiff from executing her constitutional right to appeal to the Eleventh Circuit Court Of Appeals.

The U.S. Supreme Court considers appellate stays to be a vital part of a court's "traditional equipment for the administration of justice." Scripps-Howard Radio, Inc. v. FCC, 316 U.S. 4, 9-10 (1942); see also Nken v. Holder, 556 U.S. 418, 419 (2009), "to hold an order or judgment while the appellate court assesses the legality of the order on appeal."

Circuit Courts have approved stays without a posting of a full bond, with alternative security, or without any bond at all. See Olympia Equip. Leasing Co. v. W. Union Tel. Co., 786 F.2d 794 (7th Cir. 1986); Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1367 (9th Cir. 1990); Miami Int'l. Realty Co. v. Paynter, 807 F.2d 871 (10th Cir. 1986).

Federal appellants who cannot post a supersedeas bond may nonetheless obtain a stay pending appeal if the district court, in its discretion, considers that it is

warranted. The courts, in previous cases, have acknowledged that justice and the public interest favor the use of judicial discretion, rather than application of an unvarying rule, in requiring or excusing a supersedeas bond in order to grant stays pending appeal. In exercising its discretion, a court will consider the individual circumstances of the case, making certain to balance a concern for protecting the judgment creditor with the need to ensure that the status of the judgment debtor is not endangered to the detriment of its other creditors and the public. See, e.g., Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189 (5th Cir. 1979); Olympia Equip. Leasing Co. v. Western Union Tel. Co., 786 F.2d 794 (7th Cir. 1986).

WHEREFORE, Plaintiff moves this Court for an immediate stay of execution of the Judgment and Order pending appeal, and for waiver of the posting of a bond on appeal.

Respectfully submitted, this 2nd day of March, 2015,

Sheryl P. Freeman
1721 Dunn Road
Molena, GA 30258

## CERTIFICATE OF SERVICE

I, Sheryl P. Freeman, hereby certify that I have this 2nd day of March, 2015,

served this **MOTION FOR STAY OF EXECUTION OF JUDGMENT AND**

**ORDER PENDING APPEAL  AND WAIVER OF BOND REQUIREMENT**

upon Defendants' counsel by USPS Mail to:

Sarah Reise
Ballard Spahr, LLP
999 Peachtree Street, NE
Suite 1000
Atlanta, GA 30309

Sheryl P. Freeman
1721 Dunn Road
Molena, GA 30258