IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| SHERYL P. FREEMAN<br><br>Plaintiff,<br><br>vs.<br><br>CITIBANK, NA; CITICORP CREDIT SERVICES, INC.; BALLARD SPAHR LLP; and DOES 1-50,<br><br>Defendants. | ) | CIVIL ACTION FILE NO. 3:14-cv-00067-TCB-RGV |

**DEFENDANT CITIBANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION FOR STAY OF EXECUTION OF JUDGMENT AND ORDER PENDING APPEAL**

Defendant Citibank, N.A. ("Citibank") herein responds to Plaintiff's Motion for Stay of Execution of Judgment and Order Pending Appeal (the "Motion to Stay"). Plaintiff's Motion to Stay also requests that the requirement that she first post a supersedeas bond be waived. Plaintiff's Motion to Stay should be denied.

As an initial matter, Plaintiff fails to demonstrate any ground for reducing or waiving the requirement that she post a supersedeas bond in the full amount of the judgment. Federal Rule of Civil Procedure 62(d) conditions stays pending appeal on the payment of a supersedeas bond. While the Court has discretion to reduce the bond or to permit an appellant to propose an alternative form of security, this

discretion should be exercised only under exceptional circumstances and where some alternative arrangement can be fashioned to protect the judgment creditor pending appeal. Plaintiff fails to meet this burden. Moreover, Plaintiff cannot satisfy any of the traditional factors governing stays pending appeal. Specifically, Plaintiff cannot demonstrate a substantial likelihood of success on the merits, that she will be irreparably harmed in the absence of a stay, that Citibank will not be harmed, and that a stay benefits the public interest. Therefore, the Court should deny Plaintiff's Motion to Stay.

## I.    FACTS AND PROCEDURAL POSTURE

The facts and procedural history of this matter are set forth in detail in the Magistrate Judge's opinion in this matter dated January 20, 2015, and Citibank therefore does not repeat those details here. In short, this matter relates to Plaintiff's delinquent credit card Account, on which she owed $28,357.54 to Citibank. *See* the March 25, 2014 Arbitration Award at 1-2, hereinafter the "Award", attached to Compl. as Exh. J and to Citibank's Verified Answer And Cross-Petition to Confirm Arbitration Award (the "Answer" or "Ans.") as Exh. 24.

The in-person hearing in the pertinent arbitration was held on March 5, 2014. *See* Award. After considering all evidence and argument proffered by the parties, including both parties' post-hearing submissions, the Panel found that Plaintiff failed to prove up any of her claims. *See* Award. With respect to

Citibank's counterclaims, the Panel held that Plaintiff was liable to Citibank for the outstanding balance on the Account, including interest and late charges, totaling $28,357.54. *Id.*

Plaintiff filed the instant lawsuit in which she sought to vacate the Award. Plaintiff also asserted new claims for breach of contract against Citibank under both South Dakota and Georgia law based on allegations that Citi tainted the arbitration proceedings and, therefore, breached the Card Agreement. However, these new claims were nothing more than improper collateral attacks on the Award. In response, Citibank filed its own petition to confirm the Award and filed a motion for judgment on the pleadings with respect to Plaintiff's new claims. Dkt. #16-17. Plaintiff never responded to Citibank's motion; rather, she filed a motion to compel arbitration of her claims in lieu of a substantive response. Dkt. #26.

On January 20, 2015, Magistrate Judge Russell G. Vineyard entered an 82-page Report and Recommendation, finding that all of Plaintiff's claims failed as a matter of law and that Plaintiff failed to satisfy the requirements of the Federal Arbitration Act to vacate the Award. The Magistrate Judge recommended that the Award be confirmed, that Plaintiff's motion to compel arbitration be denied, and that Citibank and the other defendants' dispositive motions be granted. Dkt. #38.

Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation on February 9, 2015. Dkt. #40. The next day, February 10, 2015, this Court overruled Plaintiff's objections and adopted the Report and Recommendation. Dkt. # 41. A judgment was entered in favor of Citibank on February 11, 2015 (the "Judgment").[1] Dkt. #43.

The automatic stay of execution on the judgment expired on February 25, 2015. *See* Fed. R. Civ. P. 62(a). On February 26, 2015, Citibank filed a motion for writ of execution with the clerk of court. Dkt. #46. In response, Plaintiff filed the present Motion to Stay.

## II. ARGUMENT

Under Federal Rule of Civil Procedure 62(d), an appellant is only entitled to a stay of execution as a matter of right upon the posting and acceptance of a supersedeas bond. Fed. R. Civ. P. 62(d). "The purpose of the supersedeas bond is to secure the appellee from loss resulting from the stay of execution." In the event the appellant seeks to post less than a full bond, "[i]t is the appellant's burden to demonstrate objectively that posting a full bond is impossible or impractical; likewise, it is the appellant's duty to propose a plan that will provide adequate (or as adequate as possible) security for the appellee." *United States v. Kurtz*, 528 F.

[1] Prior to the entry of Judgment, Citibank filed the documents required by 9 U.S.C. § 13 with the clerk. Dkt. #42.

Supp. 1113, 1115 (E.D. Pa. 1981) (rejecting appellant's request for an unsecured stay pending appeal where appellant offered "only his unsupported allegation that he is financially unable to satisfy the judgment or to post a bond, and he has not proposed any alternative arrangement."). Accordingly, "a full supersedeas bond should be the requirement in normal circumstances." *Federal Prescription Serv. v. American Pharmaceutical Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980).

*Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189 (5th Cir. 1979) is instructive here.[2] In this case, the Fifth Circuit reversed the district court's order granting a stay of execution of a $270,000 judgment by approving a $10,000 supersedeas bond. *Id.* at 1190. The Fifth Circuit explained that, under Federal Rule 62(d),

> [i]f a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure. It is not the burden of the judgment creditor to initiate contrary proof. Such a supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money.

*Id.* at 1191. The amount of a bond may be reduced if the appellant can prove

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals that were handed down prior to the close of business on September 30, 1981.

sufficient assets to pay the judgment and provide reasonable assurance of maintaining that degree of solvency during the appeal. *Id.* In the alternative, if the posting of a bond would pose an undue financial burden, the appellant may propose and the court may fashion some other arrangement that would provide adequate protection to the judgment creditor. *Id.*

Here, Plaintiff fails to satisfy this burden. Plaintiff does not objectively demonstrate that posting a full (or even partial) bond is impossible. Instead, she offers only her unsupported statement that she is insolvent and likely will continue to be so for the foreseeable future. *See* Motion to Stay at 3. Indeed, Plaintiff's bare allegations of insolvency prove that this case is precisely why Federal Rule 62 requires a bond – after nearly three years of litigating Plaintiff's baseless claims, Citibank's ability to collect the significant judgment owed to it will likely continue to diminish as a result of Plaintiff's alleged insolvency. Nor does Plaintiff propose any alternative plan to provide adequate security for Citibank. Id.

Additionally, Plaintiff miscites *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794 (7th Cir. 1986), *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1990) and *Miami Int'l. Realty Co. v. Paynter*, 807 F.2d 871 (10th Cir. 1986) for the proposition that courts frequently grant motions for stays pending appeal with no supersedeas bond at all. First, in *Olympia*, the district court did not enter a stay with no security; rather, the district court approved (and

the Seventh Circuit affirmed) a plan for alternative security to be posted. 782 F.2d at 796. Similarly, in *Townsend*, the Ninth Circuit confirmed only that a district court may permit security *other than* a bond in connection with granting a stay pending execution of a money judgment. *Townsend*, 929 F.2d at 1367. The Ninth Circuit did not affirm the entry of an unsecured stay. *Id.* Finally, in *Paynter*, the Tenth Circuit affirmed the district court's order allowing the appellant to post a supersedeas bond in an amount less than the judgment based on evidence that the appellant could not afford to post the full bond. 807 F.2d at 873-74. Accordingly, none of these cases support Plaintiff's request for an unsecured stay.[3]

Finally, as noted above, the Court has discretion to enter a stay of execution of the judgment with less than a full supersedeas bond. However, that discretion is

[3] Plaintiff also cites Local Rule 65.1.1(E) in support of her Motion to Stay. This rule, captioned "Procedures Relating to Bonds" provides that: "A party in a civil case appealing a judgment from this court shall not be routinely required to file a bond for costs on appeal. The court may, however, upon meritorious motion by a party or on its own initiative, order an appellate or cross-appellant to file a bond for costs in an amount and with those conditions as the court may designate in its order." L.R. 65.1.1(E), NDGa. However, this Local Rule addresses only bonds for *costs on appeal*. It does not address the supersedeas bond covering the full amount of a judgment required for a stay pending appeal under Federal Rule of Civil Procedure 62(d). Moreover, any such construction of Local Rule 65.1.1(E) to contradict Federal Rule 62(d) is improper. *See* L.R. 1.1(C), NDGa. ("These [local] rules supplement the Federal Rules of Civil Procedure and shall be construed so as to be consistent with those Rules"); Fed. R. Civ. P. 83(a)(1) ("A local rule must be consistent with . . . federal statutes and rules adopted under 28 U.S.C. § 2072 and 2075"); *see also Stark v. Right Mgmt. Consultants*, 247 Fed. Appx. 855, 856 (11th Cir. Aug. 21, 2007).

not unfettered, particularly in connection with considering whether to grant a stay pending appeal in the absence of any bond at all (which is essentially an injunction prohibiting Citibank to collect the amounts owed under the Judgment). *See De la Fuente v. DCI Telecomms., Inc.*, 269 F. Supp. 237, 240 (S.D.N.Y. 2003). Accordingly, a court should consider the four factors enumerated by the Supreme Court in *Hilton v. Braunskill*, 481 U.S. 770 (1987). *Id*. These factors are: (1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent an injunction; (3) whether issuance of the injunction will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. at 776 (1987). *See also Nken v. Holder*, 556 U.S. 418, 434 (2009) (explaining that court's discretion to enter stay pending appeal is guided by the four factors enumerated in *Hilton*).

Here, none of these factors support the imposition of a stay absent a supersedeas bond. First, Plaintiff makes no showing that she is likely to succeed on the merits of her appeal. *Hilton*, 481 U.S. at 776. At this point, Plaintiff's claims have been decided in favor of Citibank *three* times. Both a single arbitrator and a three-arbitrator Panel concluded that Plaintiff was indebted to Citibank for over $28,000 and failed to state any claim against Citibank. Most recently, this Court adopted the Magistrate Judge's thorough and well-supported 82-page Report

and Recommendation, which detailed why each of Plaintiff's new claims and her challenges to the Award fail as a matter of law. Plaintiff is not likely to succeed on the merits of her appeal.

Second, Plaintiff's payment of the judgment to Citibank will not cause her irreparable damages. In the unlikely event that this Court's decision is reversed and the Judgment confirming the Award is vacated, Citibank will be able to return any funds collected from Plaintiff to her.[4] Indeed, as Plaintiff appears to concede, Citibank is a solvent corporation with no risk of significant change in its financial condition that would preclude the return of funds to Plaintiff. *See* Motion to Stay at 3 ("Defendant Citibank is a 100+ billion dollar corporation."). Third, through two arbitrations and these proceedings, Plaintiff has forestalled Citibank's ability to collect the debt she owes for more than two years. Further delay will only further harm Citibank and will continue to reward Plaintiff in her years-long effort to avoid paying a debt that she owes. Fourth, and finally, Plaintiff cannot demonstrate that a stay of the Judgment in this case would be in the public interest.

## III. CONCLUSION

For the foregoing reasons, Citibank respectfully requests that the Court deny

[4] Moreover, to the extent Plaintiff contends that allowing Citibank to collect on the judgment would prevent Plaintiff from exercising her constitutional right of appeal (*see* Motion to Stay at 3), such an assertion is unfounded. Plaintiff may pursue her appeal regardless of whether Citibank can collect on the Judgment.

Plaintiff's Motion for Stay of Execution of Judgment and Order Pending Appeal and Plaintiff's request that the requirement of a full supersedeas bond be waived.

Dated: March 17, 2015

Respectfully submitted,

*/s/ Sarah T. Reise*

Christopher J. Willis, GA Bar 766297
Sarah T. Reise, GA Bar 181567
BALLARD SPAHR LLP
999 Peachtree Street, N.E.
Suite 1000
Atlanta, Georgia 30309
Telephone: (678) 420-9300
Facsimile: (678) 420-9301
willisc@ballardspahr.com
reises@ballardspahr.com
*Counsel for Defendants Citibank, N.A., Citicorp Credit Services, Inc., and Ballard Spahr, LLP*

**CERTIFICATION OF COMPLIANCE WITH L.R. 5.1B**

I hereby certify that the foregoing has been computer processed with 14 point New Times Roman font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1B.

Dated: March 17, 2015

Respectfully submitted,

*/s/ Sarah T. Reise*

Christopher J. Willis
Georgia Bar No. 766297
Sarah T. Reise
Georgia Bar No. 181567
BALLARD SPAHR LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-3915
Telephone: 678-420-9300
Facsimile: 678-420-9301
willisc@ballardspahr.com
reises@ballardspahr.com

*Counsel for Defendants Citibank, N.A., Citicorp Credit Services, Inc., and Ballard Spahr, LLP*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I served a copy of DEFENDANT CITIBANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION FOR STAY OF EXECUTION OF JUDGMENT AND ORDER PENDING APPEAL with the Clerk of Court using the CM/ECF system and served it upon the following parties by U.S. Mail, postage prepaid:

Sheryl P. Freeman
1721 Dunn Road
Molena, GA 30258

Dated: March 17, 2015

Respectfully submitted,

*/s/ Sarah T. Reise*

Christopher J. Willis, GA Bar 766297
Sarah T. Reise, GA Bar 181567
BALLARD SPAHR LLP
999 Peachtree Street, N.E.
Suite 1000
Atlanta, Georgia 30309
Telephone: (678) 420-9300
Facsimile: (678) 420-9301
willisc@ballardspahr.com
reises@ballardspahr.com
*Counsel for Defendants Citibank, N.A., Citicorp Credit Services, Inc., and Ballard Spahr, LLP*